A92A0849. CHAPMAN v. THE STATE.
(426 SE2d 9)

BIRDSONG, Presiding Judge.

Jay Chapman was charged with speeding and driving with a suspended license. He pled not guilty. The Clarke County State Court Solicitor entered a plea agreement whereby appellant would plead guilty only to the charge of speeding. This agreement apparently was based on the prosecutor's apprehension that appellant had no prior notice that his license was suspended. A hearing was set for January 10, 1991, at which appellant would change his plea from not guilty to both charges, to guilty to the charge of speeding.

Prior to that hearing date, the prosecutor left office. The newly-elected prosecutor determined appellant did have notice that his license had been suspended because *four months prior to the incident*

giving rise to these charges, appellant pled nolo contendere in Elbert County to a charge of driving with a suspended license. The Clarke County prosecutor therefore determined he could not go along with his predecessor's agreement, and on January 4 or 7, 1991, his office so notified appellant's attorney.

Appellant's attorney contends he requested the judge's office to take the change-of-plea hearing off the calendar for January 10, 1991, because of the prosecutor's decision not to nolle prosequi the suspended license charge. The transcript of proceedings on January 10 shows that the court's secretary stated appellant's attorney said "he was going to file some motions, and he . . . wasn't going to approve the change of plea today." The judge replied, "Well, I planned to accept it. . . . Who's taken it off [the calendar]? I have not taken this case off the calendar. . . . I want to know who gave anybody permission to take it off the calendar. Put it on the trial calendar." The proceedings were then concluded.

As the result of motions and proceedings filed by appellant's counsel, including a motion to recuse and a declaratory judgment action urging the superior court to exercise its equity powers to enforce the plea agreement, the trial judge filed affidavits stating that a change of plea hearing had been scheduled for January 10, 1991, and at the convening of this hearing the judge announced on the record his intention to accept the plea bargain but was informed that neither appellant nor his attorney was present at the hearing. *Held*:

The binding nature of plea agreements on successive prosecutors is settled in this state. *Rowland v. State*, 257 Ga. 25, 26 (354 SE2d 145); *State v. Hanson*, 249 Ga. 739 (295 SE2d 297); *Thomas v. State*, 248 Ga. 247 (282 SE2d 316); *Howell v. State*, 163 Ga. App. 445, 446 (295 SE2d 329); Daniel, Ga. Criminal Trial Practice, § 15-1. But under the circumstances of this case, in order to enforce the plea agreement, it was essential that the defendant attend the hearing at which such agreement was intended to be enforced. In this case, appellant's decision not to attend such hearing deprived himself of the opportunity to enforce it.

We will accept the trial judge's sworn statement that acceptance of the plea agreement remained in his discretion (see *State v. Hanson*, supra at 746), and the transcript supports his statement that he intended to accept the plea agreement. In any case, it is not necessary to conclude or speculate that the trial court would have enforced the agreement, because whatever the case may be, the defendant cannot enforce the agreement if he does not attend proceedings at which the agreement was scheduled to be accepted.

Appellant's failure to attend this state court hearing so as to enforce the agreement is not excused by his beseeching the superior court to order compliance with the plea agreement; this was not the

proper procedure, at least not unless the defendant had attended the change of plea hearing to enforce the agreement.

The dissent proposes that the trial court did not consider appellant's failure to appear at the plea hearing to be a waiver of his right to enforce the plea bargain, because the trial court allowed him to reserve the right to appeal the issue. This is incorrect on the record. The trial judge's own affidavits confirm that appellant's failure to show up at the plea hearing was the basis for the court's refusal to enforce the plea bargain, for if appellant had appeared, the trial court intended to enforce the plea bargain. The dissent also suggests that by allowing a party to reserve the right to appeal an adverse ruling, the trial court is signaling a belief that its ruling was wrong. This is illogical and cannot be allowed to control appellate review. Further, the dissent proposes we should not reach down and impose a waiver of the very issue which the defendant has all along sought to litigate; but this illogically proposes that whenever a party wishes to litigate a matter he may choose not to appear at the very proceedings where the matter would properly be litigated and where his remedy was directly available, and instead may pursue other inappropriate remedies in inappropriate proceedings, thus conceivably litigating the matter forever.

Moreover, we are unable to find appellant suffered any detrimental reliance on this agreement so as to justify enforcing it. The disappointment naturally attendant on being prosecuted for the crime, and the litigation he generated in an attempt to force compliance with the agreement not to prosecute are generally not the sort of "detrimental reliance" or "prejudice" which justifies enforcing the plea agreement. *State v. Hanson*, supra at 745; see *Rowland*, supra. Moreover, in view of his failure to appear at the hearing at which he might have enforced it, he is deemed to have waived any right to claim reliance on the agreement.

*Judgment affirmed. McMurray, P. J., Pope and Cooper, JJ., concur. Sognier, C. J., Carley, P. J., Andrews and Johnson, JJ., concur in judgment only. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

Defendant did not waive the right to pursue enforcement of the plea agreement by failing to appear on January 10, and neither the parties nor the trial court considered what transpired to be a waiver. If this were not so, the trial court would not have expressly approved of defendant's reserving the right to appeal the issue of *enforcement*, when it accepted his second guilty plea on October 17. *Waiver* was not an issue.

The negotiated plea at issue had been set for completion on January 10. Just before that date, the new solicitor informed defendant's

counsel that he would not abide by it because of new information. When the case was called on January 10, the new solicitor explained that he would not oppose a continuance if defendant sought it, and stated: "But apparently he wasn't able to do that. So —" The judge's secretary interrupted and said: "He (defendant's counsel) called our office and I told him I would take it off the calendar —" The court asked why and the secretary responded that "He was going to file some motions, and he said he wasn't going to approve the change of plea today." The court said *it* (the judge) had not taken the case off the calendar and asked who gave anyone permission to take it off. Without waiting for reply the court said: "Put it on the trial calendar" and the proceedings in this case were concluded for that day.

By court order, the negotiated plea was then set for June 4 for acceptance or, in the event the court rejected it, for trial. When that time arrived, defendant's petition for declaratory judgment, seeking a ruling that the plea agreement was enforceable, was pending in superior court. As a consequence, the proceeding set for June 4 did not occur.

On July 12 the superior court dismissed the petition on the basis that the state court was competent to decide the enforceability issue in the criminal action and, if defendant was dissatisfied with the state court's ruling, he could appeal. In its order, the superior court recited the facts, including that when the new solicitor told defendant's counsel he would not abide by the plea agreement, counsel "stated that he would request a continuance for the change of plea and possibly seek a declaratory judgment." The court went on: "Later, [defendant's counsel] did call the State Court judge's office and told a representative that he would be seeking a declaratory judgment and requested that the change of plea be taken off the calendar until the matter was resolved." As the secretary told the state court on January 10, she took it off, albeit apparently without the court's permission. In any event, defendant was not faulted by the trial court for relying on her word. This court should not reach down and impose the severe sanction of waiver of the very issue which defendant has all along sought to litigate.

The state court proceeding not having transpired on June 4, the court set it for October 14 after the superior court had dismissed the declaratory judgment action. It expressly noted that "[d]efendant . . . has expressed a desire to enter a negotiated plea" and that the case was "now ripe for resolution by either a negotiated plea, a non-negotiated plea, or trial." It did not regard the negotiated plea as having been eliminated by defendant's non-appearance on January 10.

The plea was insisted on by defendant at the October 14 proceeding, defendant's counsel stating that "our position is maintained consistently that a deal is a deal and the State is bound by a deal that a

predecessor in office has made." He pointed out that the refusal to honor the agreement had kept defendant's license from him for a longer period and required his seeking relief in superior court. The state gave several reasons for rejecting the agreement, none of which involved defendant's absence on January 10.

The court concluded that the state was not bound because of new information it received regarding the charge which it had agreed to nolle prosequi, and defendant sought the court's permission to pursue an interlocutory appeal. The court was also uncertain that it had the power to compel acceptance by the state. The court refused to certify an interlocutory appeal. After further discussion with the solicitor, defendant pleaded guilty to the charges, including the charge on which a nolle prosequi was to have been entered and to which charge he had offered the agreement as a bar. However, with the court's approval, he reserved the right to appeal the issue of the enforceability of the original plea agreement.

The appeal was perfected, and the issue is before us. The majority has noted the binding nature of plea agreements on the state. The judgment should be reversed and the case remanded for the trial court to exercise its discretion to consent to the nolle prosequi on the one charge or not (OCGA § 17-8-3) and, if it consents, to either accept or reject the plea to the other charge agreed upon, on its merits. *State v. Hanson*, 249 Ga. 739 (295 SE2d 297) (1982).

DECIDED NOVEMBER 6, 1992 —
RECONSIDERATION DENIED NOVEMBER 25, 1992

*L. Scott McLarty*, for appellant.
*Kenneth W. Mauldin, Solicitor*, for appellee.