**UNITED STATES of America,
Plaintiff, Appellee,**

v.

**Awilda GARCIA–VELILLA,
Defendant, Appellant.**

**No. 96–1857.**

United States Court of Appeals,
First Circuit.

Heard July 28, 1997.

Decided Aug. 5, 1997.

Evelyn Quinones Carrasquillo, Ponce, PR,
for appellant.

Jose A. Quiles–Espinosa, Senior Litigation Counsel, San Juan, PR, with whom Guillermo Gil, United States Attorney, Hato Rey, PR, Nelson Perez–Sosa, Assistant United States Attorney, San Juan, PR, and Warren Vazquez, Assistant United States Attorney, Guaynabo, PR, were on brief for the appellee.

Before BOUDIN, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and POLLAK,** Senior District Judge.

PER CURIAM.

The defendant-appellant, Awilda Garcia–Velilla, pled guilty to one count of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. In the plea agreement, the government agreed to dismiss 12 other counts and to recommend a downward departure "if the [defendant's] cooperation is deemed substantial." 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The agreement purported to reserve to the prosecutor the exclusive right to decide whether substantial assistance had been provided.

Garcia–Velilla in turn agreed "to provide all information known to the defendant regarding any criminal activity including but not limited to the offenses described in the pending indictment." The plea agreement further warned that if the defendant failed in any way to fulfill completely her obligations under the agreement, the government would be freed from all obligations under the agreement. As an example of a breach, the agreement referred to a defendant who "knowingly withholds evidence, or otherwise is not completely truthful with the United States...."

Garcia–Velilla did provide considerable information to the government but also, during her release on bail, twice tested positive for continued use of cocaine. The government took the position that this impaired her usefulness as a witness and said that it would not move for a downward departure. In addition, Garcia–Velilla declined to tell the government who had supplied her with co-

* Of the Eighth Circuit, sitting by designation.

** Of the Eastern District of Pennsylvania, sitting by designation.

caine. The government asserted that this was a further reason for its refusal to make a downward departure motion.

In connection with sentencing, the government persisted in its refusal and, despite a request by Garcia–Velilla, the district court declined to compel the government to make such a motion. It sentenced Garcia–Velilla to 70 months' imprisonment, a sentence determined without the benefit of a downward departure for substantial assistance. The 70-month sentence was itself below the statutory minimum because Garcia–Velilla satisfied the requirements of 18 U.S.C. § 3553(f); but a downward departure for substantial assistance would have permitted a sentence below the guideline range as well. U.S.S.G. § 5K1.1. Garcia Velilla now appeals claiming that the government breached its plea agreement by failing to move for the latter departure. We affirm.

The government is obliged to respect the terms of the plea agreement, *United States v. Tilley*, 964 F.2d 66, 70 (1st Cir.1992), including a conditional promise to recommend a downward departure. Whether this agreement could be regarded as establishing such a promise is open to dispute since (as noted) the agreement also purported to reserve this decision exclusively to the prosecutor. Also open to dispute is the standard that would apply if the court did assess the government's refusal. *See generally United States v. Rexach*, 896 F.2d 710 (2d Cir.), *cert. denied*, 498 U.S. 969, 111 S.Ct. 433, 112 L.Ed.2d 417 (1990).

We need not definitively resolve these questions, because Garcia–Velilla admits that she refused to provide the names of those who supplied her with cocaine while she was on bail. This is a self-evident violation of an explicit requirement of the plea agreement that she "provide all information known to [her] regarding any criminal activity." The government in turn was released from its obligations under the plea agreement, including any obligation to consider a downward departure motion.

Garcia–Velilla says that the government got the benefit of considerable cooperation and has given nothing in return; and she argues that her refusal to supply names of the persons who supplied the cocaine should not be regarded as a sufficiently important breach to excuse compliance by the government. To the first point the answer is that Garcia–Velilla knew from the agreement that she had to provide *all* information about criminal activity in order to receive *any* benefit of the agreement. As to the claim that her breach was too minor to count, the identity of suppliers of cocaine can hardly be regarded as trivial or unimportant, especially where the plea agreement itself made clear that all information had to be supplied.

It thus becomes unnecessary to consider whether the government could have declined to file a section 5K1.1 motion for the limited reason that the defendant had, while on release on bail, tested positively for cocaine and therefore apparently had been in unlawful possession of that substance. Apparently the plea agreement did not explicitly warn Garcia–Velilla that she was obliged to refrain from any further criminal activity, nor did it say that further criminal activity would be regarded as failure to provide substantial assistance. Since this is a recurring problem, it is unclear why the government fails to provide such a warning, which would serve the interests of both the defendant and the government.

In all events, the various questions posed by the lack of warning need not be resolved in this case. Here, the defendant did breach the plea agreement by refusing to provide information plainly required by the agreement. That is basis enough to affirm the district court. Solely because it may be useful to alert prosecutors and defense counsel to the lack of warning issue, this opinion will be published.

*Affirmed.*