Mike C. JONES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 98–SC–495–MR.

Supreme Court of Kentucky.

June 17, 1999.

John Palombi, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for appellant.

A.B. Chandler III, Attorney General, Samuel J. Floyd Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a guilty plea which convicted Jones of five counts of fraud in violation of the Charitable and Civic Solicitations Act, KRS 367.650, one count of criminal facilitation to fraud in violation of the Charitable and Civic Solicitations Act, KRS 367.650, six counts of criminal facilitation to theft by deception over $300, KRS 514.040, and two counts of criminal conspiracy to violations of the Charitable and Civic Solicitations Act, KRS 367.990 and 367.668. He was sentenced to a total of twenty years imprisonment.

The questions presented are whether the 20–year sentence imposed pursuant to a plea agreement was legal; whether the plea agreement contains an unenforceable liquidated damages provision; whether Jones should have been given an opportunity to withdraw his plea and whether Jones' due process rights were protected under the plea agreement.

Jones was indicted for six counts of fraud in violation of the Charitable and Civic Solicitations Act, six counts of theft by deception over $300 and two counts of violating the registration and disclosure requirement of the Charitable and Civic Solicitations Act. The charges resulted from his involvement in an illegal telephone solicitation operation. Four other men were also named in the indictment and later pled guilty to similar charges.

Jones entered into a plea agreement in which the Commonwealth recommended a sentence of three years on each count of fraud contained in counts one through five of the indictment, with count six being reduced to criminal facilitation to commit fraud, counts seven through twelve were reduced to criminal facilitation to commit theft by deception over $300, and counts thirteen and fifteen were amended to criminal conspiracy to violate the Charitable and Civic Solicitation Act. Count fourteen in the indictment did not include Jones. In addition, the Commonwealth recommended a twelve-month sentence for each remaining count and also recommended that all sentences, except those under counts one and two, run concurrently, for a total of six years.

As part of the plea bargain, the Commonwealth agreed to Jones' release on an unsecured bond of $50,000, with the understanding that the recommended 6–year sentence was contingent upon three conditions: 1) that Jones give a statement of his illegal activities; 2) that he meet with a member of the Attorney General's office on a set date and give a full and complete statement; and 3) that he reappear in court for final sentencing. If Jones complied with these provisions, the Commonwealth agreed not to oppose parole in his case, and to advise the parole board of his cooperation. If he did not comply with these conditions, the Commonwealth would recommend a maximum sentence of twenty years instead of six years.

After conducting a guilty plea colloquy, the circuit court accepted Jones' guilty plea and released him on the unsecured $50,000 bond pending his date of sentencing. Inexplicably, he did not appear on the scheduled date for sentencing and a bench warrant was issued for his arrest. Following his arrest several months later, Jones was sentenced to twenty years in prison in accordance with the plea agreement. This appeal followed.

Jones presents four arguments on appeal none of which were presented to the circuit court and all of which are completely without merit. Jones entered his guilty plea freely, voluntarily and knowingly and was properly convicted and sentenced under the terms of the plea agreement.

■ The circuit court correctly imposed sentence according to the Commonwealth's recommendation under the plea agreement. Jones pled guilty and agreed to abide by the terms of the plea bargain including the requirement that he appear in court on the date assigned for sentencing. He acknowledged his understanding of the possible sentencing consequences should he fail to appear. Therefore, because Jones failed to appear for sentencing the recommended sentence was correctly imposed under the terms of the plea agreement.

There is no Kentucky case law on this subject as presented. Thus, we must resort to other jurisdictions. We find Federal decisions to be persuasive. *See United States v. David,* 58 F.3d 113 (4th Cir.1995); *United States v. Rivera,* 954 F.2d 122 (2nd Cir.1992); *United States v. Garcia–Velilla,* 122 F.3d 1 (1st Cir.1997). Reliance on the State of Georgia case of *Chapman v. State,* 206 Ga.App. 465, 426 S.E.2d 9 (1992), is

misplaced because that case is neither legally nor factually applicable.

 Jones argues that the provision of the plea agreement by which the Commonwealth would recommend a twenty-year sentence if he did not appear at sentencing is an unenforceable liquidated damages provision because it is merely a penalty and bears no relation to any actual damages suffered by the Commonwealth for his failure to appear. We disagree.

It is undisputed that the four consecutive 5–year terms for four counts of fraud was a lawful sentence for the Class D felonies. The 6–year sentence recommended under the plea agreement was conditioned upon his full compliance with the plea agreement. The offered sentence reduction by the Commonwealth was an entirely proper incentive under the plea bargain, and the failure by Jones to adhere to the bargain properly released the Commonwealth from any obligation to recommend the lower sentence following the breach. *See David, supra; Rivera, supra; Garcia–Velilla, supra.* Contrary to the assertion by Jones, the twenty-year sentence was not imposed for the subsequent bail jumping offense; that offense was charged in a separate indictment.

 No legal basis existed for permitting Jones to withdraw his guilty plea. His claim that the agreement consisted of two agreements, one agreement recommending a 6–year sentence, and another agreement recommending a twenty-year sentence, is completely without merit. Only one plea agreement existed and Jones never moved to withdraw it nor did the circuit court ever reject it pursuant to RCr 8.10. The provision involving an offered sentence reduction was a lawful plea bargain condition which was lawfully withdrawn when Jones failed to appear at sentencing. *See David; Rivera; Garcia–Velilla.*

Finally, Jones contends that the plea agreement was illegal and unenforceable because it effectively placed him on presentencing probation and then revoked that probation without due process of law. We disagree.

 The plea condition providing for a 6–year sentence if the plea agreement was complied with, was a legitimate plea bargain offer which was properly withdrawn by the Commonwealth after the breach by Jones. *See David; Rivera; Garcia–Velilla.* His release on a $50,000 unsecured bond was not a presentence probation. Reliance on *Chae v. People,* 780 P.2d 481 (Colo.1989) and *Allen v. Walter,* Ky., 534 S.W.2d 453, 455 (1976) is misplaced because those cases involved impermissible sentences and reduced charges. Here, both the 6–year and 20–year sentences were within the statutorily prescribed range and there was no impermissible reduction of charges or sentence offered. Jones was properly convicted and sentenced under the terms of the agreement.

Consideration of the arguments presented by Jones pursuant to RCR 10.26 is unwarranted. Here there was no substantial or palpable error of any kind. There was no error. Therefore, there was no manifest injustice.

The judgment of conviction is affirmed.

All concur.