Kevin Dale O'NEIL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2001–CA–001377–MR.

Court of Appeals of Kentucky.

March 21, 2003.

Supreme Court Statistically Dismissed and made Final on Oct. 7, 2003.

Frank W. Heft, Jr., Louisville, KY, for appellant.

Albert B. Chandler, III, Attorney General, Tami Allen Stetler, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS and PAISLEY, Judges; and JOHN D. MILLER, Special Judge.[1]

## OPINION

PAISLEY, Judge.

Kevin Dale O'Neil appeals from a judgment entered by the Jefferson Circuit Court convicting him of burglary in the second degree, possession of a handgun by a convicted felon, and being a persistent felony offender (PFO) in the second de-

---

**1.** Senior Status John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution.

gree. Based upon the circumstances surrounding the entry of this judgment, we vacate appellant's conviction and remand this matter for further proceedings.

On August 30, 2000, appellant illegally entered a private residence and removed various electronic items, a man's Movada watch, and a 9–mm handgun. He later sold most of these items at a Louisville barbershop. As a result, appellant was indicted by the Jefferson County Grand Jury and charged with first degree burglary, possession of a handgun by a convicted felon, and being a persistent felony offender in the second degree.

During the litigation of this matter, appellant negotiated a plea agreement with the Commonwealth in which he agreed to plead guilty to an amended charge of second degree burglary and to possession of a handgun by a convicted felon. In exchange, the Commonwealth would recommend concurrent five-year sentences on each charge and support appellant's release pending sentencing. The plea agreement further provided that, if appellant complied with the terms of the plea agreement and assisted authorities in retrieving the stolen property, the Commonwealth would recommend dismissal of the PFO charge at the time of sentencing. However, if appellant failed to cooperate or appear for sentencing, the Commonwealth would object to probation, and he would plead guilty to the PFO charge.

In accordance with the agreement, appellant pled guilty to the charges of second degree burglary and possession of a handgun by a convicted felon. The PFO charge was held in abeyance pending appellant's sentencing hearing, and the Commonwealth explained to the court that it would recommend dismissal of that charge if appellant appeared at his sentencing hearing and complied with the other terms of the plea agreement. Appellant agreed

with this interpretation, and the court accepted the guilty plea after determining that it was willfully, voluntarily, and freely entered by appellant.

On the day of the sentencing hearing, appellant failed to appear. When he was finally brought before the court, he acknowledged that he had pled guilty to the charges of second degree burglary and possession of a handgun by a convicted felon. However, despite the plea agreement, he refused to plead guilty to the PFO, and he stated that he believed that charge had been dismissed. In addition, appellant argued that it was improper for the possession of a handgun by a convicted felon charge to be further enhanced by the PFO because he only had one prior felony conviction which could not serve as the basis for both the charge itself and the PFO. In response, the Commonwealth argued that the PFO charge had not been dismissed but had simply been held in abeyance, that appellant was obligated under the plea agreement to plead guilty to being a PFO because he failed to appear for sentencing, and that only the burglary sentence was being enhanced by the PFO charge.

At the conclusion of the sentencing hearing, the court entered a judgment against appellant convicting him of second degree burglary, possession of a handgun by a convicted felon, and being a PFO in the second degree. The trial court enhanced both the burglary and the handgun possession charges pursuant to the PFO conviction. Appellant was sentenced to ten years' imprisonment on each underlying offense with service to be concurrent. This appeal followed.

On appeal, appellant presents two arguments for our review. First, he argues that the trial court erred by entering the PFO conviction because he neither

pled guilty to nor was found guilty of this charge. We agree.

In determining the validity of guilty pleas in criminal cases, the plea must represent a voluntary and intelligent choice among the alternative course of action open to the defendant. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Sparks v. Commonwealth,* Ky.App., 721 S.W.2d 726 (1986).... Since pleading guilty involves the waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers, a waiver of these rights cannot be presumed from a silent record. The court must question the accused to determine that he has a full understanding of what the plea connotes and of its consequences, and this determination should become part of the record. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *Sparks, supra.*

*Centers v. Commonwealth,* Ky.App., 799 S.W.2d 51, 54 (1990). Upon appellant's motion to plead guilty to burglary and handgun possession, the trial court held a hearing where it engaged in a thorough *Boykin* colloquy with appellant concerning these two charges. However, the record further reveals that at no time did the trial court ever engage in a similar discussion concerning the PFO. Instead, the court entered a guilty plea to this charge in spite of appellant's refusal to do so himself.

The United States Supreme Court has made it abundantly clear that it is patently unjust for a court to sentence a defendant for a crime in which he has not been convicted. *Apprendi v. New Jersey,* 530 U.S. 466, 476–478, 120 S.Ct. 2348, 2355–2356, 147 L.Ed.2d 435, 447 (2000). By entering a judgment summarily convicting and sentencing appellant as a PFO, the trial court denied appellant the right to exercise "the full panoply of the relevant protections which due process guarantees in state criminal proceedings." *Specht v. Patterson,* 386 U.S. 605, 609, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326, 330 (1967) (citation omitted). This was not only improper but also clearly unconstitutional.

■ Having determined that appellant was improperly convicted of being a PFO, we now address the remedy the trial court must provide upon remand. Appellant argues that the proper procedure in this matter is for the PFO conviction to be vacated and this matter remanded to the trial court with directions that a judgment be entered sentencing him to concurrent five-year sentences on the remaining charges. The Commonwealth counters by arguing that appellant breached a portion of the plea agreement by failing to return for sentencing, and he is therefore not entitled to enforce any of it. We agree with the Commonwealth.

■ Although Kentucky case law is scarce regarding this issue, we find recent federal decisions to be persuasive. In general, "[p]lea agreements are contracts, and we interpret them according to ordinary contract principles." *United States v. Ramunno,* 133 F.3d 476, 484 (7th Cir. 1998) (citation omitted). "[A] defendant who breaches a plea agreement forfeits any right to its enforcement." *United States v. Wells,* 211 F.3d 988, 995 (6th Cir.2000) (citing *United States v. Skidmore,* 998 F.2d 372, 375 (6th Cir.1993)). *See also United States v. Garcia–Velilla,* 122 F.3d 1 (1st Cir.1997); *United States v. Rivera,* 954 F.2d 122 (2nd Cir.1992). "Further, if a defendant materially breaches his plea agreement, the prosecution is released from its obligations under that agreement and may bring a new indictment on previously dismissed charges." *Hentz v. Hargett,* 71 F.3d 1169, 1176 (5th

Cir.1996) (citation omitted). These cases are also supported by *Jones v. Commonwealth*, Ky., 995 S.W.2d 363, 366 (1999), which similarly held that following a defendant's breach of a plea agreement, the Commonwealth was relieved of its obligation to recommend favorable sentencing. In addition, *United States v. Martinez*, 122 F.3d 421 (7th Cir.1997), discussed a defendant who, like appellant, attempted to avoid part of a plea agreement while enforcing the remainder. There, the court stated that the defendant

> may withdraw from the plea agreement in its entirety and go to trial or he must abide by the plea agreement in its entirety. *United States v. Wenger*, 58 F.3d 280, 282–283 (7th Cir. 1995). What he may not do is pick and choose which portions he wishes to abide by and which he wishes to appeal. *Id.* at 283. "It is inappropriate to take a blue pencil to the agreement, removing the provisions that in retrospect the defendant wishes were not there." *Id.*

*Martinez*, 122 F.3d at 422–423.

In light of these decisions, we conclude that when a defendant breaches a plea agreement, the Commonwealth has the option of withdrawing its offer and proceeding upon the charges in the original indictment, or it may reindict if those charges have already been dismissed in connection with the plea agreement.

In accordance with this conclusion, appellant has clearly forfeited his right to the benefits of the plea agreement by reneging on his end of the bargain, and although the Commonwealth cannot force him to plead guilty to being a PFO, it can withdraw the agreement and proceed upon the original charges. Therefore, we vacate appellant's conviction in its entirety and remand this matter to the Jefferson Circuit Court. If appellant declines to enter a guilty plea, the plea agreement may be withdrawn, and this matter may proceed upon the original charges of the indictment.

■ Appellant also asserts that the trial court erred by using the same prior felony to both convict him of possession of a handgun by a convicted felon and to enhance this conviction under the PFO statute. Since this issue is likely to emerge again upon remand, we address it.

■ It is well settled that if a prior felony is utilized to create an offense or enhance the punishment for an offense, that same prior conviction cannot also be used to further enhance that offense pursuant to the persistent felony offender statute. *Corman v. Commonwealth*, Ky. App., 908 S.W.2d 122, 123 (1995).

"A person is guilty of possession of a firearm by a convicted felon when he possesses, manufactures, or transports a firearm when he has been convicted of a felony...." KRS 527.040(1). Based upon the record before us, appellant has only one prior felony, which must necessarily be the basis for his conviction of possession of a handgun by a convicted felon. Therefore, this same prior felony cannot also be used under the PFO statute to further enhance appellant's sentence for that offense. *Corman*, 908 S.W.2d at 123. However, the Commonwealth correctly points out that the 1990 felony conviction may be used to enhance the burglary sentence. *Dale v. Commonwealth*, Ky., 715 S.W.2d 227 (1986).

Accordingly, the judgment of the Jefferson Circuit Court is vacated, and this matter is remanded for further proceedings consistent with this opinion.

ALL CONCUR.