**Bennie HENSLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2005–CA–001684–MR.

Court of Appeals of Kentucky.

March 2, 2007.

Carrie C. Mullins, Bobby L. Amburgey, Mt. Vernon, KY, for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for Appellee.

Before ABRAMSON and VANMETER, Judges; EMBERTON,[1] Senior Judge.

*OPINION*

VANMETER, Judge.

■ A plea agreement in a criminal case is a contract which, upon performance, is binding on the Commonwealth and entitles a criminal defendant to the benefit of his bargain, subject to approval by the trial court. The issue we must resolve in this case is whether the Pulaski Circuit Court erred in its findings as to the terms of a plea agreement. We hold that it did not, and therefore affirm.

On January 29, 2004, Bennie Lee Hensley and Justin C. Warren broke into the home of Tommy Burton and stole a diamond ring and some firearms, including a rare gun described as a "Belgium Browning shotgun." Hensley was indicted in May 2004 on Burglary 1st degree, Burglary 2nd degree, Theft by Unlawful Taking over $300, and Theft by Unlawful Taking under $300. Hensley filed a motion to dismiss the indictment on the basis that he had performed the plea agreement which he had previously negotiated with the Commonwealth.

At a subsequent hearing before the trial court, Hensley's former counsel, David Tapp, testified that he had contacted the Pulaski County Attorney and Pulaski County Sheriff in March 2004 to discuss a plea agreement for Hensley, who had not yet been charged or indicted. According to Tapp, the agreement was that the Commonwealth would permit Hensley to plead guilty to misdemeanor charges and receive a sentence of 12 months, conditionally discharged for two years, with the performance of 150 hours of community service. In exchange, Hensley would agree to pay any restitution, to assist in the return of the property stolen, and to cooperate in the prosecution of the codefendant. The Pulaski County Sheriff testified, by contrast, that the agreement required the return of all stolen items. The parties agree that the rare Belgium Browning shotgun was not returned.

In its written order overruling Hensley's motion, the trial court made the following findings of fact: that an agreement existed between the Pulaski County Attorney and the defendant, that the Commonwealth agreed to a conditionally discharged misdemeanor "in exchange for the [d]efendant's truthful cooperation and the return of all of the property stolen from the victims"; and that the defendant "materially breached the agreement and failed to fully comply with the agreement by failing to, at a minimum, return all of the stolen property." Hensley subsequently entered a conditional guilty plea to Burglary 2nd degree and Theft by Unlawful Taking over $300. This appeal follows.

Hensley argues that the trial court erred in failing to hold the Commonwealth to the terms of the plea bargain, as those terms were testified to by Hensley's counsel at the time the agreement was entered. Hensley further argues that the terms were supported by written memoranda, *i.e.,* counsel's notes, which were introduced into the record; however, those notes do not appear in the record on appeal. On the other hand, the Commonwealth argues that the trial court entered correct findings of fact as to the terms of the plea bargain.

Unfortunately, this case illustrates the wisdom of Professor Abramson's admonition concerning the wisdom of reducing plea bargains to writing. 8 Leslie W.

---

1. Senior Judge Thomas D. Emberton, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Abramson, *Kentucky Practice, Criminal Practice and Procedure* § 22:56 (4th ed.2003). While Hensley argues that his counsel's notes constitute a writing, those notes are not a part of the record, and Hensley makes no allegation that the notes were signed by the Commonwealth.

 Courts have recognized that accepted plea bargains are binding contracts between the government and defendants. *E.g., Putty v. Commonwealth,* 30 S.W.3d 156, 159 (Ky.2000); *Commonwealth v. Reyes,* 764 S.W.2d 62, 64–65 (Ky.1989). "[O]nce accepted by the accused, [the plea agreement] is binding on the Commonwealth subject to the approval of the court." *Putty,* 30 S.W.3d at 159. A defendant who materially fails to perform the agreement, however, is not entitled to enforce performance by the Commonwealth. *O'Neil v. Commonwealth,* 114 S.W.3d 860, 863–64 (Ky.App.2003).

In this case, the issues presented to the trial court were whether a plea bargain had been reached and the identification of the terms of the bargain. The trial court conducted a hearing and issued findings of fact. Our role on appeal is to review the trial court's factual determinations under a clearly erroneous standard. *See Young v. Commonwealth,* 50 S.W.3d 148, 167 (Ky.2001); *Adams v. Commonwealth,* 424 S.W.2d 849, 851 (Ky.1968) (citing CR 52.01). Factual findings are not clearly erroneous if they are supported by substantial evidence. *Black Motor Co. v. Greene,* 385 S.W.2d 954, 956 (Ky.1964). "The test for substantiality of evidence is whether when taken alone, or in the light of all the evidence, it has sufficient probative value to induce conviction in the minds of reasonable men." *Janakakis–Kostun v. Janakakis,* 6 S.W.3d 843, 852 (Ky.App. 1999).

In this instance, the Sheriff's testimony constituted substantial evidence that the terms of the plea bargain obligated Hensley to return all of the stolen guns. As all of the guns were not returned, it follows that the trial court did not err by finding that Hensley was not entitled to enforcement of the plea bargain.

The judgment of the Pulaski Circuit Court is affirmed.

ALL CONCUR.