**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**William Joseph REED, Appellee.**

**No. 2011–SC–000111–DG.**

Supreme Court of Kentucky.

Aug. 23, 2012.

Jack Conway, Attorney General, Jeanne Deborah Anderson, Assistant Attorney General, Office of the Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for appellant.

Daniel T. Goyette, Louisville Metro Public Defender, Bruce P. Hackett, Chief Appellate Defender, Office of the Louisville

Metro Public Defender, Louisville, KY, Counsel for appellee.

Opinion of the Court by Justice SCHRODER.

William Joseph Reed entered into a plea agreement with the Commonwealth, whereby he agreed to a sentence of five years' imprisonment. In addition, the circuit court imposed a $1,000 fine, which the Commonwealth now concedes was improper because Reed was indigent. Reed appealed the portion of the judgment imposing the fine. The Court of Appeals reversed the fine, but left the five-year plea agreement intact. The issue before this Court is whether the fine may be properly vacated while letting the plea agreement stand. The Commonwealth argues that the only proper remedy for the illegal fine is a remand to the circuit court to allow Reed to withdraw his guilty plea. We conclude that the fine may be reversed without invalidating the plea agreement, because the imposition of the fine was not part of the agreement, but was instead left to the discretion of the circuit court.

A Jefferson County grand jury indicted Reed for second-degree burglary, first-degree criminal mischief, and two counts of second-degree fleeing or evading police. Following arraignment, the circuit court found Reed to be indigent and appointed the office of the Louisville Metro Public Defender to represent him.

On November 5, 2009, Reed entered pleas of guilty to all charges, based upon a plea agreement offered by the Commonwealth, which stated in relevant part:

Burglary II—5 years.
Criminal Mischief I—5 years.
Fleeing/Evading Police II (2 counts)—12 months (each count).

Commonwealth recommends that all sentences in this case run concurrently for a total of 5 years.

This sentence is to serve: no probation or shock probation.

The sentence in this case must run consecutively to any other sentences.

Commonwealth recommends a fine of $1,000.00.

The plea agreement also included a handwritten notation (presumably by defense counsel) reading, "Defense counsel objects to felony fine."

At the same hearing, the prosecutor stated, "Now, your honor, the Commonwealth is recommending pursuant to statute a $1,000 fine. Defense counsel and I have agreed that they may make a motion to you not to impose that fine." After conducting a *Boykin* colloquy,[1] the court accepted Reed's plea and scheduled final sentencing for December 9, 2009.

At final sentencing, while arguing that Reed should pay restitution to the victims, the prosecutor acknowledged, "The defense has already stated that they're going to object to the Commonwealth asking the court to impose a fine, and I understand that. That's taxpayer dollars. The court will make that decision." Defense counsel then objected to the imposition of a fine, based on *Simpson v. Commonwealth*, 889 S.W.2d 781 (Ky.1994), and KRS 534.030. The trial court stated, "So noted."

In its Judgment of Conviction and Sentence, entered December 16, 2009, the circuit court sentenced Reed to five years' imprisonment, per the plea agreement, and imposed a felony fine in the amount of $1,000. On January 5, 2010, the circuit court also entered an order permitting Reed to proceed *in forma pauperis* on appeal and appointing the office of the

---

1. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct.     1709, 23 L.Ed.2d 274 (1969).

Louisville Metro Public Defender to represent him in his appeal.

On appeal, the Court of Appeals held that the felony fine was improperly imposed and vacated the portion of the judgment imposing a $1,000 felony fine. This Court then granted the Commonwealth's petition for discretionary review.

As the Commonwealth has conceded, the imposition of a $1,000 fine on Reed was improper. KRS 534.030 states:

(1) ... a person who has been convicted of any felony shall, in addition to any other punishment imposed upon him, be sentenced to pay a fine in an amount not less than one thousand dollars ($1,000) and not greater than ten thousand dollars ($10,000) or double his gain from commission of the offense, whichever is the greater.

. . . .

(4) Fines required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31.

. . . .

KRS 31.100(3)(a) defines a "needy person" or "indigent person" as "[a] person eighteen (18) years of age or older ... who, at the time his or her need is determined, is unable to provide for the payment of an attorney and all other necessary expenses of representation." The circuit court, in appointing the Louisville Metro Public Defender to represent Reed, made a determination that Reed was indigent, and therefore exempt from the imposition of felony fines under KRS 534.030(4). *See also Simpson,* 889 S.W.2d at 783–84.

The imposition of a felony fine being improper, the question before this Court is: May the imposition of the fine be reversed while leaving the plea agreement's five-year sentence intact, or must the entire plea agreement be vacated and remanded? The Commonwealth argues that the appropriate remedy is a remand to allow Reed to withdraw his guilty plea, while Reed argues that the Court of Appeals properly reversed only the portion of the judgment imposing the fine.

We begin by noting that "[w]hile an unconditional guilty plea waives the right to appeal many constitutional protections as well as the right to appeal a finding of guilt on the sufficiency of the evidence, there are some remaining issues that can be raised in an appeal," including "sentencing issues." *Windsor v. Commonwealth,* 250 S.W.3d 306, 307 (Ky.2008) (internal citations omitted). "Sentencing issues" include "a claim that a sentencing decision is contrary to statute ... or was made without fully considering what sentencing options were allowed by statute...." *Grigsby v. Commonwealth,* 302 S.W.3d 52, 54 (Ky.2010). In addition, "plea agreements in criminal cases are contracts between the accused and the Commonwealth, and are interpreted according to ordinary contract principles." *McClanahan v. Commonwealth,* 308 S.W.3d 694, 701 (Ky.2010) (citing *Covington v. Commonwealth,* 295 S.W.3d 814, 816 (Ky.2009) and *O'Neil v. Commonwealth,* 114 S.W.3d 860, 863 (Ky.App.2003)).

The Commonwealth argues that the entire plea agreement is invalid and cites *McClanahan v. Commonwealth,* 308 S.W.3d 694, as support. In *McClanahan,* the Commonwealth and the defendant entered into several plea agreements, each of which included a "hammer clause," which would result in an increased sentence if the defendant failed to appear for final sentencing. When the defendant failed to appear, the clause was invoked, resulting in the defendant being sentenced to a prison term that exceeded the statutory maximum for his crimes. Because the defendant and the Commonwealth had agreed to

an illegal sentence, we reversed and remanded "to the trial court for further proceedings permitting Appellant to withdraw his guilty pleas." *Id.* at 702. The Commonwealth argues that the same remedy is appropriate here.

■ However, unlike *McClanahan,* where the parties agreed to an illegal sentence, the illegal portion of Reed's sentence was never a part of the plea agreement. Under the plea agreement, the Commonwealth recommended a $1,000 felony fine and defense counsel objected. The prosecutor twice stated that the agreement was for the Commonwealth to recommend a fine and for defense counsel to be allowed to make a motion opposing the fine. Defense counsel did exactly that, citing *Simpson v. Commonwealth* and KRS 534.030.

In essence, the parties agreed to argue over the imposition of a felony fine, but the ultimate decision was left to the discretion of the circuit court. The circuit court abused its discretion by imposing a fine that was contrary to law, but the imposition of that fine was outside the scope of the plea agreement. The fine may therefore be appealed and reversed without discarding the valid plea agreement. The parties to a plea agreement are entitled to the benefit of their bargain. *See Elmore v. Commonwealth,* 236 S.W.3d 623, 626 (Ky.App.2007) (citing *Hensley v. Commonwealth,* 217 S.W.3d 885, 887 (Ky.App. 2007)). Here, both Reed and the Commonwealth received what they bargained for: a 5–year sentence with the right to argue whether a $1,000 felony fine should be imposed. That fine having now been

determined to be improper, the plea agreement still stands.[2]

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

All sitting. All concur.

---

**2.** The Commonwealth also argues that the Court of Appeals violated the doctrine of separation of powers by usurping the right of the executive to negotiate and enter into plea agreements. Because we have determined that the imposition of the felony fine was outside the scope of the Commonwealth's plea agreement, this argument is without merit.