RENDERED:  FEBRUARY 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

### NO. 2025-CA-0119-MR

JONATHAN P. RUSSELL                                      APPELLANT


                     APPEAL FROM TRIGG CIRCUIT COURT
v.                     HONORABLE NATALIE WHITE, JUDGE
                     ACTION NO. 23-CR-00028


COMMONWEALTH OF KENTUCKY                        APPELLEE


### OPINION
### AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE:  Appellant ("Russell"), pleaded guilty to Sodomy, Second Degree (Victim under 14) in the Trigg County Circuit Court.  Subsequently, Russell moved to withdraw his guilty plea, but the Circuit Court denied his motion.  After careful review of the record, we affirm.

## BACKGROUND

Russell regularly communicated with underage girls on Snapchat, a popular online messaging application.  Although Russell is an adult—he was 19 at

the time of the encounter underlying this appeal—he used a false online profile that portrayed him as a minor teen. He used this online alias to solicit pornographic pictures from females. Russell began messaging B.M.—then age 12—in December 2022. Russell convinced B.M. to leave her home late one night and meet him at a convenience store. From there they drove to a local recreational area where Russell initiated a game of "truth or dare" to induce B.M. to engage in sexual activities.

Two weeks after the encounter, B.M.'s mother found out what had transpired. She filed a police report and took B.M. to the local hospital and Pennyrile Children's Advocacy Center for physical and forensic psychological examinations. During the forensic interview at the advocacy center, B.M. said that she told Russell she was 14 and Russell had told her he was 16.

In March 2023, the Kentucky State Police ("KSP") discovered Russell's true identity and questioned him. Russell admitted that he had persuaded B.M. to meet him but denied that any sexual activity occurred. KSP seized his phone and sent their initial investigative findings to the Commonwealth's Attorney ("CA").

Russell retained attorney Don Thomas ("Thomas") to represent him. During their first meeting, Russell told Thomas there were problematic pictures on his cell phone he was worried about. Russell met with Thomas multiple times in

the ensuing weeks to discuss his case as Thomas worked to negotiate a plea bargain with the CA.  The CA's office tendered its final offer in December 2023, stating that if Russell failed to resolve the pending second-degree sodomy charge, the office was prepared to present additional charges to the Grand Jury. (Presumably, these additional charges would have been based on the material found on Russell's cell phone and B.M.'s statement at the hospital that their encounter had included penetrative intercourse.)

Russell then accepted the plea deal tendered by the CA.[1]  The terms were a five-year prison sentence for Sodomy, Second Degree (Victim under 14), with the caveat that probation and shock probation were both prohibited.  Three outstanding vehicular charges were dismissed.  Russell was ordered to undergo a sexual offender treatment program and register with the state sex offender registry. Russell officially accepted this deal and pleaded guilty in February 2024.

After entering his guilty plea, Russell had second thoughts.  Thomas withdrew as his attorney and Russell hired William McGee ("McGee") to represent him.  McGee filed a motion to withdraw Russell's guilty plea, pursuant to RCr[2] 8.10, on June 10, 2024.  After an evidentiary hearing, the trial court denied the motion to withdraw Russell's guilty plea.  Russell timely filed a Notice of Appeal

---

[1] *See* "Commonwealth's Offer on Plea of Guilty" entered February 19, 2024.

[2] Kentucky Rules of Criminal Procedure.

and is currently free on bond pending the resolution of this appeal. Russell contends that his guilty plea was involuntary, he had ineffective assistance of counsel, and the trial court abused its discretion when it denied his motion to withdraw the guilty plea.

## STANDARD OF REVIEW

Pursuant to RCr 8.10, at any time before its final judgment, a trial court may permit a defendant to withdraw a guilty plea. If the plea was made involuntarily, the trial court is compelled to grant a motion for withdrawal. However, if the plea was made voluntarily, the trial court has full discretion in deciding whether to grant or deny a motion to withdraw the plea. *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002). The inquiry into the circumstances of the plea as it concerns voluntariness is inherently fact-sensitive. *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). Therefore, upon appeal, a trial court's finding regarding a plea's voluntary nature is reviewed for clear error. *Ebu v. Commonwealth*, 661 S.W.3d 319, 326 (Ky. App. 2022). A trial court's findings are not clearly erroneous if they are "supported by substantial evidence." *Story v. Commonwealth*, 706 S.W.3d 263, 273 (Ky. 2024) (citing *Haney v. Commonwealth*, 653 S.W.3d 559, 564 (Ky. 2022) (quoting *Whitlow v. Commonwealth*, 575 S.W.3d 663, 668 (Ky. 2019))). Substantial evidence is defined as "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of

-4-

reasonable men." *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998) (citing *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972)).

The trial court's decision to deny Russell's motion to withdraw the guilty plea based on his claim of ineffective assistance of counsel is reviewed under an abuse of discretion standard. *Commonwealth v. Pridham*, 394 S.W.3d 867, 885 (Ky. 2012); *Greene v. Commonwealth*, 475 S.W.3d 626, 630 (Ky. 2015). Likewise, a trial court's decision to deny a defendant's motion to withdraw a voluntary guilty plea generally is also reviewed under an abuse of discretion standard. *Rigdon v. Commonwealth,* 144 S.W.3d 283, 288 (Ky. App. 2004). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

Russell asserts that his guilty plea was not made voluntarily. The trial court held a full evidentiary hearing on Russell's motion to withdraw his plea. Russell produced the acknowledgement form he signed in Thomas's office prior to pleading guilty. The form contained wording that said he was innocent but was pleading guilty to avoid the possibility of more severe charges. McGee redacted a

portion of the acknowledgement that he deemed "inadmissible." Notably, the acknowledgement was not made or signed under oath.

The Commonwealth cross-examined Russell. Under oath, he admitted that his cell phone contained pornographic images from many females of unknown ages. He conceded that it was not unreasonable under the circumstances to believe that additional charges could be brought against him. He also testified that he had made the decision to plead guilty of his own free will and was not under any kind of emotional or physical duress when he did so.

After considering the evidence before it, the trial court issued its findings of fact and conclusions of law and denied Russell's motion to withdraw his guilty plea. The trial court made particularized findings that recounted the events of Russell's plea colloquy. It noted that the court informed Russell of the charges against him along with the potential range of penalties. Russell stated that he understood the facts that led to the charges, and he had read and signed the Commonwealth's offer on a plea of guilty and the accompanying motion to enter a guilty plea. He further stated that he understood the content of both documents and signed them freely and voluntarily. The court then informed Russell of his Constitutional rights and Russell indicated that he understood those rights and also understood that a guilty plea would waive them. The court explained the collateral

consequences of a felony conviction and then formally read the elements of the charged offense. Russell admitted he was guilty of the offense.

The trial court then asked attorney Thomas if he believed his client fully understood the agreement, if the agreement's terms were consistent with his legal advice, and if he believed Russell's plea was made knowingly, intelligently, and voluntarily. Russell answered yes to each question. The trial court then made a finding on the record that Russell's plea was made knowingly, intelligently, and voluntarily.

Upon our review of the record, Russell is noted to be a high school graduate with some post-high school vocational training in welding. He has been consistently employed in the recreational boatbuilding industry. He is also technologically savvy enough to negotiate various online messaging applications, establish a false online persona, and download data. The record is devoid of any evidence of mental illness or impairment, recent substance abuse, or any physical or learning disabilities that would affect his ability to follow the proceedings against him and make rational decisions. These facts, along with the documented circumstances of the plea colloquy and Russell's own sworn testimony that he decided to plead guilty of his own free will, constitute substantial evidence. Therefore, mindful of CR[3] 52.01, we find that the trial court's characterization of

---

[3] Kentucky Rules of Civil Procedure.

Russell's plea as voluntary is based on substantial evidence, and, thus, not clearly erroneous.

Russell next argues that he should be allowed to withdraw his guilty plea due to ineffective assistance of counsel. In order to prevail, he must prove that Thomas "provided him with erroneous legal advice and that but for that mistake, he would not have pleaded guilty." *Greene*, 475 S.W.3d at 629; *see also Sparks v. Commonwealth*, 721 S.W.2d 726, 727-28 (Ky. App. 1986) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). Russell contends that Thomas erred by failing to advise him that he could present a defense based on his mistaken belief that B.M. was 14. While true that KRS[4] Chapter 510 provides a mistaken belief of age defense to second-degree sodomy, the statutory age of consent in Kentucky is 16, not 14.[5] Therefore, Russell would only be able to assert a mistake of age defense if he believed B.M. was at least 16. B.M. was actually 12 and told Russell she was 14. Russell testified at the evidentiary hearing that B.M. told him she was 16.[6] However, there is no proof in the record that he ever told Thomas or KSP that he thought B.M. was 16, and he pleaded guilty to Sodomy, Second Degree (Victim under 14). When Thomas testified at the hearing, Russell never asked his former

---

[4] Kentucky Revised Statutes.

[5] KRS 510.020(3)(a).

[6] Video recording of 7/25/25 hearing at 1:03:15.

attorney if he had ever told him he believed B.M. to be 16 or if he had any reason to believe Russell thought she was 16. The only evidence of record states that B.M. told Russell she was 14. Therefore, Thomas did not provide ineffective assistance because the record established that B.M. said she was 14 and Russell could not have asserted an age-based defense if he believed her to be 14.

Russell himself wrote to the trial judge prior to sentencing and stated: "as soon as I saw her and realized she wasn't as old as she said she was, I took her home."[7] He also professed complete innocence in an affidavit attached to the motion to withdraw his guilty plea, and again when testifying at the evidentiary hearing. It is inherently contradictory to maintain that his counsel erroneously deprived him of the opportunity to assert an age-based defense at trial while simultaneously maintaining that he never engaged in any sexual activity with B.M. whatsoever. To present such a defense at trial, Russell would have necessarily had to admit that sexual activity did occur. This strategy would have been "in contravention of his claim of innocence." *Bowling v. Commonwealth*, 981 S.W.2d 545, 551 (Ky. 1998).

Furthermore, it is reasonable to question whether a mistaken age defense would have succeeded at trial. Given the particular facts of this case— including that Russell routinely lied about his age online "to give himself an

---

[7] Trial Record ("T.R.") pp. 43-45.

advantage" with younger girls and ultimately succeeded in luring a 12 year old out of her home in the middle of the night—it is not implausible to believe a jury would be unsympathetic to such a defense.

Thomas testified that he met with Russell six times prior to entry of the guilty plea and went over the discovery evidence with him. The CA's office could not release the images downloaded from Russell's cell phone to Thomas, because it did not have them. Since the images were pornographic in nature and it could not be determined from a cursory viewing if the pictured females were minors, the established KSP policy is to err on the side of caution and keep such materials at post.[8] Russell complained that Thomas never told him KSP did not determine that the images displayed minors. However, that fact does not mean that KSP could not make investigative efforts to trace identities if the case proceeded to trial. The trial court's docket for the day Russell entered his guilty plea explicitly noted that a jury trial would be scheduled if Russell declined to enter a plea on that day. Therefore, if Russell had wanted more time to review the evidence against him in depth before mounting a defense, that option was available. Instead, as Thomas noted, Russell only asked to see the discovery documentation for himself after he terminated Thomas's legal services.[9]

---

[8] T.R. p. 133.

[9] *See* Order Denying Defendant's Motion to Withdraw Guilty Plea: Finding #13.

At the plea colloquy Russell stated that he was satisfied with his attorney. When the court asked him directly if there was anything more he wanted his attorney to do in his defense, he answered no. Based on the totality of these facts, the trial court did not act unreasonably or arbitrarily when it refused to allow Russell to withdraw his guilty plea based on a claim of ineffective assistance of counsel. Therefore, we find no abuse of discretion in this ruling.

Russell's final argument is that, even if it is deemed that his plea was voluntary and that Thomas rendered effective assistance of counsel, the trial court still abused its discretion when it denied his motion to withdraw his guilty plea. He primarily bases this argument on the observation that high schools around the state are "littered" with nineteen-year-old seniors and fourteen-year-old freshman who regularly attend homecomings, proms, and dances together. This argument is unavailing for several reasons. B.M. was not 14; she was 12. Also, equating attendance at a supervised dance on school property with luring a child out of her family home in the middle of the night to engage in sexual activity strains credulity. Finally, endorsement of this argument would lead to the incomprehensible position that relationships between eleven-year-old middle schoolers and nineteen-year-old seniors are simply to be expected as a matter of course in counties with combined middle and high school facilities.

Plea bargains are legally binding agreements; good cause must exist to justify the withdrawal of a finalized plea. *Hensley v. Commonwealth*, 217 S.W.3d 885, 887 (Ky. App. 2007). Developing buyer's remorse after the fact is not sufficient legal grounds to withdraw a voluntary plea. Russell entered a voluntary plea with effective counsel advising him. All evidence indicates he comprehended the consequences of his plea at the time he made it. There is no evidence of any procedural errors in the plea process or any new information that could potentially exonerate Russell. The trial court provided detailed findings of fact and conclusions of law that explained the basis of its decision to deny Russell's motion. Its reasoning was supported by sound legal principles and did not display arbitrary, unreasonable, or unfair decision-making. Therefore, the Trigg County Circuit Court's denial of Russell's Motion to Withdraw Guilty Plea is hereby AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

William F. McGee, Jr.
Smithland, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ryan D. Mosley
Assistant Solicitor General
Frankfort, Kentucky