James PRATER, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2013–SC–000115–MR.

Supreme Court of Kentucky.

Feb. 20, 2014.

---

Samuel N. Potter, Assistant Public Advocate, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Todd Dryden Ferguson, Assistant Attorney General, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

Appellant, James Prater, entered a plea of guilty to two counts of manufacturing methamphetamine, one count of first-degree possession of a controlled substance, and one count of promoting contraband, for which he was sentenced to thirty-eight years' imprisonment. He now appeals his sentence as a matter of right, Ky. Const. § 110(2)(b), asserting that the trial court erred by not allowing him to withdraw his

guilty plea. For the following reasons, we affirm.

## I. BACKGROUND

In exchange for Appellant's guilty plea, the Commonwealth agreed to recommend a sentence of twenty years' imprisonment, to be probated for five years. Additionally, the plea agreement conditioned the prosecution's sentencing recommendation upon Appellant's compliance with the terms of his bond until sentencing.[1] In particular, the agreement prohibited Appellant from committing additional criminal acts, consuming alcohol or illegal drugs, or failing to comply with the requirements of home incarceration. If Appellant breached the terms of his bond, the agreement provided that the trial court could release the Commonwealth from its original recommendation and allow it to recommend up to the maximum penalty under the law—forty-eight years' imprisonment.

A plea agreement provision, such as the one described above, that allows the Commonwealth to recommend a harsher sentence if a defendant fails to comply with the conditions of his bond is colloquially known as a "hammer clause."[2] In the present case, the hammer clause also contained a provision that ostensibly required the trial court to deny any motion by Appellant to withdraw his guilty plea made after a violation of his bond conditions. Appellant's arguments, addressed below, attack the propriety of this provision.

Before his sentencing date, Appellant removed his ankle monitor and fled home incarceration, violating the conditions of his bond. Appellant was later discovered passed out in a bathroom stall at Wal-Mart, and found in possession of methamphetamine, drug paraphernalia, and a one-step meth lab. He was then taken into custody and charged with four additional drug-related offenses.

Following his arrest, Appellant filed a motion to withdraw his guilty plea, arguing that he was suffering from mental disorders and was under the influence of drugs at the time he entered the plea. Concurrently, the Commonwealth filed a motion to be relieved of its plea offer. The trial court subsequently denied Appellant's motion to withdraw the guilty plea and found that, due to Appellant's violation of the conditions of his bond, the Commonwealth was relieved of its obligations under the plea agreement.

Freed from its earlier recommendation, the Commonwealth recommended the maximum lawful sentence of forty-eight years' imprisonment The trial court ulti-

---

1. The plea agreement stated, in pertinent part:

   [I]f the defendant violates any bond condition pending sentencing then said violation will be considered a material breach of the plea agreement. In the event that a material breach occurs the Court will not allow the defendant to withdraw his/her former plea of guilty and the Court may release the Commonwealth from their former recommendation, including the recommendation of probation, and allow the Commonwealth to recommend any sentence within the range provided by law.

2. In *Knox v. Commonwealth*, 361 S.W.3d 891, 893–94 (Ky.2012) we defined a hammer clause, to wit:

   [A] hammer clause is a provision in a plea agreement which, in lieu of bail, allows the defendant, after entry of his guilty plea, to remain out of jail pending final sentencing. Generally, a hammer clause provides that if the defendant complies with all the conditions of his release and appears for the sentencing hearing, the Commonwealth will recommend a certain sentence. But, if he fails to appear as scheduled or violates any of the conditions of his release, a specific and substantially greater sentence will be sought.

mately sentenced Appellant to thirty-eight years' imprisonment, and the final judgment was entered accordingly.

## II. ANALYSIS

Appellant argues that the trial court erred by not allowing him to withdraw his guilty plea. Specifically, Appellant alleges that the trial judge abused his discretion by (1) predetermining that he would not grant any motion to withdraw the guilty plea, and (2) not allowing Appellant to withdraw his guilty plea once the court had rejected the plea agreement.

### A. Predetermination

■ Appellant first argues that, under the aforementioned plea agreement, the trial court abused its discretion by improperly predetermining that, if Appellant violated the conditions of his bond, it would automatically deny any motion by Appellant to withdraw his guilty plea. We review a court's improper adherence to a hammer clause provision for abuse of discretion. *See Knox v. Commonwealth*, 361 S.W.3d 891, 899. "The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky.2007) (citing *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky.2000)).

In support of his argument, Appellant contends that our holding in *Knox* generally prohibits a trial court from abdicating

its responsibility to exercise independent judicial discretion in a decision of whether to grant a motion to withdraw a guilty plea. However, we note that Appellant is not arguing *Knox* is directly on point with the present case, but rather that *Knox's* rationale is applicable here.

In *Knox*, this Court had no occasion to consider a defendant's right to withdraw a guilty plea given that the plea agreement at issue did not include a provision prohibiting the withdrawal of a guilty plea, nor did the Appellant in that case request to withdraw his guilty plea. Rather the issue before us in *Knox* was whether the trial court erred in its application of a hammer clause contained in Knox's plea agreement with the Commonwealth. We held that the trial judge abused his discretion by applying the hammer clause in such a way as to preclude himself from considering the full range of possible sentences. This strict adherence to the terms of the hammer clause was in derogation of a criminal rule and two different statutes requiring a judge to exercise discretion in sentencing.[3] *Id.* at 897–98.

Therefore, our holding in *Knox* was not based on the mere inclusion of a hammer clause in Knox's plea agreement, but also on the trial judge's strict adherence to the clause. Ultimately, we concluded that the trial judge's statements at the plea colloquy and during sentencing evidenced that he mechanically followed the hammer clause without exercising independent judicial discretion.[4]

---

3. The trial court in *Knox* violated RCr 11.02, KRS 532.050(1), and KRS 533.010(2). RCr 11.02 and KRS 532.050(1) require a trial court to give "due consideration" to the results of the presentence investigation. KRS 533.010(2) requires the trial judge to exercise discretion in sentencing by its dictate that the trial judge may not impose a sentence of imprisonment without considering "the nature and the circumstances of the crime and

the history, character and condition of the defendant.···.."

4. Upon taking Knox's guilty plea, the judge told Knox that "the court is going to enforce the agreement if you violate [the conditions of release]," and "your sentence is going to be twenty years to serve." *Id.* at 896. The judge also informed Knox and a co-defendant that violation of the conditions of release would

Although we noted that the concept of the "hammer clause poses inherent difficulties for the judiciary," we explicitly declined to create a blanket rule barring the use of hammer clauses in plea agreements. *Id.* at 899. The end result of *Knox* is that a hammer clause may be included in a plea agreement so long as "the trial judge ... accord[s] it no special deference, and ... make[s] no commitment that compromises the court's independence or impairs the proper exercise of judicial discretion." *Id.*

Returning to Appellant's argument, he asserts that *Knox's* holding that a trial judge may not abandon judicial discretion in a sentencing decision should also apply in the present circumstances—that a judge should be prevented from abdicating judicial discretion in a decision whether to grant or deny a motion to withdraw a guilty plea. In other words, Appellant alleges that *Knox's* holding prohibits trial judges from mechanically implementing hammer clause provisions requiring them to automatically reject attempts to withdraw guilty pleas. There is merit to Appellant's argument in that, similar to the rule and statutes that require a trial judge to exercise discretion in sentencing, RCr 8.10 requires trial courts to use discretion in considering whether a guilty plea may be withdrawn: "At any time before judgment the court may permit the plea of guilty ... to be withdrawn and a plea of not guilty to be substituted."

In addition to RCr 8.10, our case law supports Appellant's argument that, just as the trial court must exercise discretion in sentencing, it must also do so in a decision whether to grant a motion to withdraw a guilty plea. *See Commonwealth v.*

*Pridham,* 394 S.W.3d 867, 885 (Ky.2012) ("[T]he rule [RCr 8.10] makes clear that the trial court may permit the defendant to withdraw even a valid plea. Under our rule, this ... decision is one addressed solely to the trial court's sound discretion."); *Williams v. Commonwealth,* 229 S.W.3d 49, 53 (Ky.2007) ("The facts and circumstances surrounding a motion to withdraw a guilty plea should be given individualized consideration.").

However, as explained above, notwithstanding the requirement that trial judges must exercise discretion in sentencing, *Knox* stopped short of announcing a blanket rule barring hammer clauses. Applying the rationale of *Knox* to the present case, we find no reason today to issue a rule prohibiting provisions that attempt to prevent the withdrawal of guilty pleas. *Cf. Knox,* 361 S.W.3d at 899 ("[I]t is not within the purview of the judiciary to tell prosecutors and defense counsel that a hammer clause may not be part of a plea agreement.... [T]he making of an agreement whereby the Commonwealth binds itself to recommend a particular sentence is a power of the executive branch.").

Therefore, similarly to how we approached the hammer clause in *Knox,* the inquiry in the present case is not whether the dictates of the provision prohibiting plea withdrawal are improper, but whether the trial judge applied the provision in such a way as to abrogate his discretion. A failure to exercise discretion in considering a motion for plea withdrawal would violate the "sound legal principles" of RCr 8.10 and amount to an abuse of discretion. *Anderson,* 231 S.W.3d at 119. That is to say, if the provision in the present case

---

result in strict enforcement of the hammer clause, stating, "That's it. There will be no discussion about it." *Id.* at 896 n. 7.

At Knox's sentencing hearing, the trial judge admitted he was "troubled by the ham-

mer clause" and its strictness. *Id.* Nonetheless, the judge reminded Knox that the hammer clause was "something, Mr. Knox, you agreed to, and therefore I am going to impose it." *Id.*

were strictly enforced with the trial court indicating that, no matter the circumstances, it would not allow withdrawal of the guilty plea, we would be required to remand the case and command the trial court to give proper consideration to the improperly disregarded motion for withdrawal. *Cf. Knox*, 361 S.W.3d at 900–01 (remanding for new sentencing hearing because the trial judge applied the hammer clause without exercising independent discretion).

■ Having reviewed the record in the present case, we find no indication that the trial judge applied the plea agreement in such a manner as to improperly abdicate his discretion in ruling on a motion to withdraw the guilty plea. Prior to sentencing, Appellant submitted a motion to withdraw his guilty plea arguing that he suffered from mental disorders and was under the influence of drugs at the time he entered the plea. Rather than summarily denying the motion, the trial court conducted a hearing wherein defense counsel presented its evidence in favor of granting the motion. The trial court stated that it had reviewed the record of Appellant's plea colloquy. Furthermore, the court noted that, during the colloquy, defense counsel certified that he saw nothing to indicate that Appellant was under the influence at the time of the plea, and the court questioned counsel about the certification. Finally, the court made findings of fact that Appellant was cogent in his questions to the court and that he appreciated the nature of his plea at the time it was made.

The evidence does not indicate that the trial court approached Appellant's motion to withdraw his guilty plea with prejudgment in this case. To the contrary, the trial judge appears to have thoroughly considered the motion. Therefore, we hold that the trial court did not abuse its

discretion as the decision was not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Anderson*, 231 S.W.3d at 119 (citing *Goodyear Tire*, 11 S.W.3d at 581).

## B. Rejection of the Plea Agreement

Appellant next argues that the trial court's decision to release the Commonwealth from its recommendation amounted to a rejection of the plea agreement and the trial court was therefore required to allow him to withdraw his guilty plea. For the following reasons, we disagree.

■ While the Commonwealth and a criminal defendant are free to enter into a plea agreement that both parties deem fitting, the court is not bound by the terms of the agreement. *See Covington v. Commonwealth*, 295 S.W.3d 814, 817 (Ky.2009) (citing *Kennedy v. Commonwealth*, 962 S.W.2d 880, 882 (Ky.App.1997)) (holding that the trial court has ultimate sentencing authority and that it is not bound by the plea negotiations of the Commonwealth or the plea bargain itself). Rather it is in the trial court's discretion whether to reject the agreement. When a trial court imposes a sentence greater than that recommended by the Commonwealth under a plea agreement, the court is deemed to have rejected the plea agreement. *Id.* at 815–17.

■ The second paragraph of RCr 8.10 governs the effect of a trial court's rejection of a plea agreement, and it states, in pertinent part:

If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court ... that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in that guilty plea the disposi-

tion of the case may be less favorable to the defendant than that contemplated by the plea agreement.[5]

In other words, RCr 8.10 requires that "upon the determination of the trial court that it will not follow the plea agreement made between the prosecutor and the defendant, the defendant has a right to withdraw the guilty plea without prejudice to the right of either party to go forward from that point." *Haight v. Commonwealth*, 938 S.W.2d 243, 251 (Ky.1996) (citing *Commonwealth v. Corey*, 826 S.W.2d 319 (Ky.1992)). Ordinarily, the decision whether to grant a motion to withdraw a guilty plea is reviewed under the abuse of discretion standard. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky.App.2004). However, once a trial judge rejects a guilty plea, that judge has no discretion to deny a motion to withdraw and must grant the motion. *Kennedy*, 962 S.W.2d at 882 ("The language of RCr 8.10 is clearly mandatory and requires a court to permit a defendant to withdraw a guilty plea if the court rejects the plea agreement."). Therefore, the denial of a defendant's right to withdraw a guilty plea after rejection by the trial court is automatically reversible error. *See Covington*, 295 S.W.3d at 817.

█ Appellant claims that when the trial court released the Commonwealth from its recommendation and allowed the prosecution to recommend the maximum sentence instead, the court effectively rejected the plea agreement.[6] However, this argument is unpersuasive because it mis-characterizes the trial court's enforcement of a contractually agreed-upon hammer clause as a rejection of the plea agreement.

█ As explained above, the Commonwealth may offer sentence reduction as an incentive under a plea agreement in the form of a hammer clause. In *Jones v. Commonwealth*, 995 S.W.2d 363 (Ky.1999), this Court upheld a plea agreement that recommended a six-year sentence conditioned upon compliance with its terms. The agreement in *Jones* contained a hammer clause providing that a breach of the agreement by defendant would result in the Commonwealth recommending a sentence of twenty years—the maximum lawful sentence in that case. *Id.* at 366.

This Court determined that the Commonwealth was properly allowed to withdraw its recommendation when defendant failed to comply with the conditions of the agreement. *Id.* Furthermore, we held that a plea agreement containing a conditional penalty was still "[o]nly one plea agreement" and that following its terms by allowing the harsher sentencing recommendation did not amount to a rejection of the agreement under RCr 8.10. *Id.*

Similarly, in the present case, the application of the hammer clause did not amount to a rejection of the plea agreement. *Id.* Just as in *Jones*, the Commonwealth offered a recommendation that was contingent on compliance with the terms of the plea agreement. Specifically, the

---

5. We note for purposes of clarification that the second paragraph of RCr 8.10 allows the defendant to withdraw his guilty plea only "[i]f the court rejects the plea agreement." This paragraph of RCr 8.10 is, therefore, not pertinent to Appellant's first argument, which addressed a trial judge's discretion to grant a motion to withdraw a guilty plea when no rejection of the plea agreement had yet occurred.

6. The Commonwealth argues that the issues we address were not properly preserved for appellate review. However, in *Knox* we stated, "One should not have to ask a court to do its duty, particularly a mandatory one." *Knox*, 361 S.W.3d at 896 n. 8 (quoting *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky.2011)). As the requirements of RCr 8.10 are mandatory, we find that the issues herein are adequately preserved for review.

agreement provided that Appellant was not to violate the conditions of his bond. Like the agreement in *Jones,* if Appellant failed to comply with its terms, the hammer clause would free the Commonwealth to recommend the maximum lawful sentence.

Moreover, the trial court did not reject the agreement in this instance; it upheld it. The court permitted the Commonwealth to recommend the conditional penalty of forty-eight years' imprisonment just as it was allowed to do under the express terms of the agreement. *See McClanahan v. Commonwealth,* 308 S.W.3d 694, 701 (Ky.2010) (citing *Covington,* 295 S.W.3d at 816) (explaining that, generally, plea agreements in criminal cases are interpreted according to ordinary contract principles). Had Appellant not violated the conditions of his bond, the agreement would have required the Commonwealth to recommend twenty years' imprisonment probated for five years. In that situation, if the trial court then sentenced Appellant to thirty-eight years, as it did here, that sentence would serve as a rejection of the agreement and Appellant would be entitled to withdraw his guilty plea pursuant to RCr 8.10.[7] But, under the facts of this case, where the hammer clause allowed the prosecution to recommend the maximum sentence upon Appellant's violation of bond, we do not find that the trial court's sentence of thirty-eight years' imprisonment amounted to a rejection of the plea agreement. Therefore, no reversible error was committed.

### III. CONCLUSION

We affirm the Pulaski Circuit Court's denial of Appellant's motion to withdraw

guilty plea and further conclude that there was no rejection of the plea agreement entitling Appellant to withdraw his plea pursuant to RCr 8.10.

All sitting. All concur.

---

7. We also note that, because we find that the trial court did not reject the agreement, we do not reach the question of whether defendant could have waived his right under RCr 8.10 to withdraw a guilty plea following rejection by the trial court. *See Covington,* 295 S.W.3d at 817 n. 2 (explaining that this Court has "not foreclose[d] the ability of the trial court to set, as a docket management tool, a reasonable date in advance of trial after which it will accept a plea agreement only if the defendant waives his rights under RCr 8.10").