**Richard BLANTON, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2015-CA-000989-MR**

Court of Appeals of Kentucky.

MARCH 17, 2017; 10:00 A.M.

---

BRIEF FOR APPELLANT: Brandon Neil Jewell, Assistant Public Advocate, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, James Havey, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: KRAMER, CHIEF JUDGE; D. LAMBERT, AND J. LAMBERT, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Richard Blanton has directly appealed from the final judgment of the Boone Circuit Court convicting him of two counts of theft by unlawful taking over $500.00 and sentencing him to five years' imprisonment. He seeks review of the circuit court's denial of his motion to withdraw his guilty plea. Finding no error or abuse of discretion, we affirm.

On November 4, 2014, the Boone County grand jury indicted Blanton on two counts of theft by unlawful taking over $500.00 and under $10,000.00 (complicity) pursuant to Kentucky Revised Statutes (KRS) 514.030. The first incident took place on August 21, 2014, and the criminal complaint read as follows:

On 08/21/14 at approximately 0500 hours, the alleged offender shoplifted several items from Walmart. The alleged offender and a female accomplice entered the Walmart located at 7625 Doering Drive Florence, Boone County, Kentucky at approximately 0440. The alleged offender and his accomplice went to the Electronics section of the store and selected items from the shelves and concealed the items. The alleged offender and his accomplice then exited the store and made no attempt to purchase the items that they had concealed. The alleged offender and his accomplice stole $2556.65 worth of electronics from the store. The alleged offender and his accomplice then fled the store in a green passenger vehicle with Indiana tag [tag number omitted] and were not located. The alleged offender and his accomplice were captured on Walmart's surveillance cameras concealing the merchandise and exiting the store without paying for the products.

The second incident took place on September 18, 2014:

On 09/18/14 at approximately 0705 hours, the alleged offender and his accomplice stole several items from Walmart located at 7625 Doering Drive Florence Kentucky. The alleged offend-

er and his female accomplice entered the business and went to the electronics section at Walmart. The male and his accomplice stole several electronics and concealed them on their person. The electronics are valued at $895.00. The alleged offender and his accomplice then exited the store past all points of payment. The alleged offender and his accomplice made no attempt to pay for the concealed items. The alleged offender and his female accomplice were captured on the stores [sic] surveillance cameras concealing the items. The alleged offender and his accomplice fled Walmart in a green passenger vehicle with Indiana tags [tag number omitted].

Blanton's co-defendant was named as Wendy Maureen Davis, and his bond was set at $5,000.00, secured by cash.

Blanton entered a not guilty plea at his arraignment in November 2014. The circuit court opted to keep his bond at the same amount due to his risk of flight. The matter was continued for a pretrial conference on January 22, 2015, and again on February 11, 2015. In early February, the Commonwealth filed a Kentucky Rules of Evidence (KRE) 404(b) notice that it intended to introduce evidence of other crimes, wrongs, or acts in its case in chief. In the notice, the Commonwealth stated that Blanton had previously committed the same crime at the Ft. Wright Walmart in Kenton County, had been convicted of this offense, and had been trespassed from that property. Blanton and his co-defendant were also believed to be suspects in a similar theft in the months following the incidents in this case. A trial was scheduled for February 19, 2015, but it was remanded until March 5, 2015, with another pretrial conference set for February 25, 2015. In an order entered February 13, 2015, the court again kept Blanton's bond at the same amount.

On February 25, 2015, Blanton moved the court to enter a guilty plea. In its offer, the Commonwealth made the following recommendations:[1]

> The Commonwealth recommends, and the defendant accepts, five (5) years and $1000 fine on counts 1 and 2 to run concurrently. Commonwealth will recommend that the sentences be probated for a period of five (5) years on the following conditions: ... (2) Restitution shall be ordered, jointly and severally with the co-Defendant, in the amount of $3,452.00 by paying no less than $100 per month until paid in full (3) Defendant shall remain out of all Walmart stores for the duration of his probation ... (5) no further criminal offenses (6) no drug or alcohol use (7) follow all standard conditions of probation. C/W agrees to allow Defendant's bond to be amended to a surety bond with monitoring by pretrial services, random testing and no new offenses, pending sentencing. No contact with the co-defendant except as permitted by the court.

The court held a guilty plea hearing and conducted a colloquy. Blanton stated his attorney had explained the process to him so that he could make an informed decision. He said he had just completed a four-year college degree and fully understood his legal situation. He said his attorney had discussed the guilty plea with him and he understood the rights he was giving up, including his right to a trial. Blanton said he was not ill and his judgment was not impaired in any way. He said he was not suffering from anything else going on in his life that would impair his judgment. Blanton said that he had not been threatened or coerced into entering the plea, and he was doing so of his own free will be-

---

1. Some of the conditions were crossed out   and more were added, all in handwriting.

cause it was in his best interests. His attorney had gone over the guilty plea documents with him, and he understood those documents. He had been given all the time he needed to consult with his attorney. He stated that he signed the documents of his own free will. His attorney stated that Blanton's decision was made voluntarily, intelligently, and knowingly. Blanton admitted to the offenses in the indictment and stated what he did.

The court accepted Blanton's plea and scheduled a sentencing hearing for March. Blanton was released on an unsecured $5,000.00 bail bond the same day he entered his plea. The court permitted Blanton's attorney to withdraw as counsel by order entered April 24, 2015. The court also determined that Blanton was indigent and appointed a public advocate to represent him.

On May 8, 2015, Blanton moved the court to withdraw his guilty plea pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.10, arguing that he had only agreed to enter the plea so that he could get out of jail and spend time with his terminally ill mother. He claimed that this made his plea involuntary as it was made under stress caused by his mother's illness. The court held a hearing on May 14, 2015. His attorney noted that as a part of the plea, Blanton would be immediately released from custody.

In his testimony, Blanton admitted that he had entered a guilty plea at a time he was in custody and represented by another attorney. He thought the trial would have been held two or three weeks prior to that time and he would no longer be in custody. However, the Commonwealth received a continuance. Blanton did not understand why his bond was so high as he had obtained a college degree and had not committed a felony offense for many years. He said his attorney told him the Common-wealth would be able to get a few more continuances, delaying the matter for up to ninety days. Blanton knew his mother was not going to survive, and when his attorney told him the Commonwealth would let him out the following day if he entered a guilty plea, he said he would think about it. He went to the law library to research the matter and discussed it with his friends, who told him he would be able to withdraw his guilty plea once he got out. However, when he returned to court, Blanton found out that his attorney wanted to withdraw and did not want to go to trial because he had not paid him the rest of his fee. His attorney also told him he would have to admit to what he did during the guilty plea hearing. Blanton maintained his innocence, but he did what his attorney said he had to do to get released. He was prepared to go back to jail when he came back to court. He also said he could not afford drug testing. Blanton wanted to go to trial to prove his innocence. He stated that he did not think he could comply with the terms of the probation because he was unable to travel overseas to see his family, which he did once per year.

At a May 27, 2015, motion hour, the court orally denied Blanton's motion to withdraw his guilty plea and proceeded with a sentencing hearing. By order entered the same day, the court denied Blanton's motion, holding that his plea had been entered knowingly, voluntarily, and intelligently. The court specifically found:

> During his Guilty Plea, the Defendant stated he understood all of his rights and that [his attorney] had performed an adequate investigation of his case and explained all the documents to him. He further stated he was not suffering from anything going on in his life that impaired his judgment nor was he being forced to enter the Guilty Plea. He further stated he was not promised any

other benefit from [his attorney], or anyone else, and that he had no complaints about [his attorney's] representation. Finally, the Defendant stated the facts of his case to the Court, including that although he was aware she stole a t-shirt, he was the one who stole the computer, and that she could not have done it.

The court entered a restitution order on May 27, 2015, setting the amount of restitution due to Walmart at $3,452.00. Blanton was to pay no less than $100.00 per month via the Boone Circuit Clerk's office. A final judgment and sentence of probation was entered June 2, 2015. This appeal related to the voluntariness of his plea now follows.

RCr 8.10 provides, in relevant part, that "[a]t any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." Generally, our standard of review in an appeal from the denial of a motion to withdraw a guilty plea is whether the trial court abused its discretion. *Prater v. Commonwealth*, 421 S.W.3d 380, 387 (Ky. 2014).[2] " 'The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.' *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007) (citing *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000))." *Prater*, 421 S.W.3d at 384.

In the present case, Blanton contends that his plea was involuntary because he only accepted the plea in order to be immediately released from jail so that he could see his terminally ill mother. In *Williams v. Commonwealth*, 229 S.W.3d 49, 50–51 (Ky. 2007), the Supreme Court of Kentucky set forth the law regarding the entry of a guilty plea and a motion to withdraw a previously entered guilty plea:

> To be valid, a plea must be knowing, intelligent and voluntary, *Haight v. Commonwealth*, 760 S.W.2d 84, 88 (Ky. 1988), and a trial court shall not accept a plea without first determining that it is made voluntarily with understanding of the nature of the charge. RCr 8.08. RCr 8.10 provides that a guilty plea may be withdrawn with permission of the court before judgment. A motion to withdraw a plea of guilty under RCr 8.10 is generally addressed to the sound discretion of the court; however, where it is alleged that the plea was entered involuntarily the defendant is entitled to a hearing on the motion. *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). If the plea was involuntary, the motion to withdraw it must be granted; if it was voluntary, the trial court may, within its discretion, either grant or deny the motion. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004). A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair or unsupported by legal principles. *Edmonds*, 189 S.W.3d at 570. The inquiry into the circumstances of the plea as it concerns voluntariness is inherently fact-sensitive. *Id.* at 566. Accordingly, the trial court's determination as to whether the plea was voluntarily entered is reviewed under the clearly erroneous standard. *Id.*

Blanton has requested that this Court apply the test for withdrawing a guilty plea under Federal Rules of Criminal Procedure 11(d)(2)(B) as set forth in *United States v. Hockenberry*, 730 F.3d 645 (6th Cir. 2013). That federal rule permits a defendant to withdraw his guilty plea if he

"can show a fair and just reason for requesting the withdrawal." However, the Commonwealth points out that "[t]he precise terms of Rule 11 are not constitutionally applicable to the state courts." *Roddy v. Black*, 516 F.2d 1380, 1383 (6th Cir. 1975). Therefore, this Court must follow precedent as set forth by the Supreme Court of Kentucky, and we shall not consider the test set forth in *Hockenberry*.

 Having considered the record, including the video recordings of the guilty plea and the motion to withdraw the guilty plea hearings, we hold that the circuit court did not abuse its discretion or commit any error in denying Blanton's motion to withdraw his plea. The trial court conducted a colloquy during the guilty plea hearing pursuant to *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), to determine whether Blanton's plea was knowing, intelligent, and voluntary. Blanton stated that he had recently earned a degree from a four-year college, that he understood the rights he was giving up by pleading guilty, that he had discussed the matter with his attorney, and that he spent at least a day deciding whether to accept the Commonwealth's plea during which he did his own research and discussed the matter with friends. He also stated that his judgment was not impaired and that there was nothing else going in his life that would impair his judgment. Accordingly, we hold that the circuit court did not err in finding that Blanton's plea was entered intelligently, voluntarily, and knowingly, and therefore it did not abuse its discretion in denying the motion to withdraw the guilty plea.

In essence, it appears that Blanton's plan was to enter a guilty plea so that he could be immediately released in order to spend time with his mother. He relied upon the advice of his friends that he would then be able to withdraw his plea once he returned to court to be finally sentenced. He claims that his desire to see his mother made his plea involuntary due to the stress of her illness. While we certainly sympathize with Blanton for the loss of his mother, his attempt to manipulate the system to be released pursuant to the terms of a plea agreement and then withdraw his plea and proceed to a trial cannot form the basis of his argument that his plea was in any way involuntary. Rather, his plea was a calculated decision on his part. We further note that Blanton's five-year sentence was probated, meaning that he did not have to serve any additional time in prison. That his travel plans would be inconvenienced by the terms of his probation is immaterial and does not affect the validity of his plea.

For the foregoing reason, the judgment of the Boone Circuit Court is affirmed.

ALL CONCUR.