JONES, JUDGE:
Sukhjits Bains appeals from an order of the Jefferson Circuit Court denying his motion to withdraw his guilty plea. After a careful review of the record and applicable law, we AFFIRM.
I. BACKGROUND
In May of 2016, Bains was found slumped behind the steering wheel of his car in a Walmart parking lot. Police officers smashed Bains's driver-side window to allow emergency medical responders access to Bains. Upon doing so, police officers noticed a strong smell of marijuana emitting from Bains's vehicle. A search of Bains's vehicle uncovered marijuana, methamphetamine, and drug paraphernalia.
A little over a month later, a police officer was dispatched to the residence of a woman Bains was dating. The officer arrived to find Bains outside of the residence, standing next to his vehicle. The officer, having been informed by dispatch that Bains was armed with a handgun, told Bains to raise his hands above his head. When Bains complied, he tossed a baggie of methamphetamine behind him. The officer then arrested Bains and interviewed the woman Bains was dating. The woman accused Bains of pointing two different handguns at her and threatening to kill her by giving her a dirty shot of heroin.
Based on these incidents, Bains was charged with one count of first-degree wanton endangerment;[1] one count of tampering with physical evidence;[2] and two counts of possession of a controlled substance in the first degree.[3] On July 27, 2016, the Commonwealth and Bains reached an agreement for pretrial diversion. Under the terms of that agreement, Bains was to enter an Alford[4] plea to the wanton endangerment charge and plead guilty to the tampering with physical evidence and possession charges. In return, the Commonwealth agreed to recommend a three-year period of supervised pretrial diversion. So long as Bains complied with the conditions of pretrial diversion, the charges against him would be designated as dismissed-diverted. In the event that Bains failed to comply, the Commonwealth agreed to recommend a one-year sentence *10 of imprisonment. The pretrial diversion agreement expressly stated that, during the diversion period, the circuit court was permitted to "(a) revoke or modify any condition; (b) change the period of supervision; or (c) discharge [Bains] from supervision." R. 22.
Following a thorough plea colloquy, Bains pleaded guilty to the charges against him on December 8, 2016, and an order of judgment on the guilty plea was entered shortly thereafter. The circuit court held a sentencing hearing on January 19, 2017. During that hearing the circuit court discussed at length its concerns regarding Bains's charge of wanton endangerment. The circuit court believed that, because of Bains's criminal history and the facts underlying the wanton endangerment charge, the Commonwealth's offer was too lenient. Instead of accepting the Commonwealth's recommendation, the circuit court indicated that it would sentence Bains to three years' imprisonment, diverted for a period of five years. As a condition of diversion, the circuit court stated that Bains would be required to spend thirty days in the county jail. The circuit court informed Bains that if he did not wish to accept this agreement, the case could start over fresh in circuit court. Bains was given two weeks to consider his options.
On January 24, 2017, the circuit court entered an order setting out Bains's options going forward. That order indicated that Bains could either: (1) go forward with the plea agreement as written with the expectation that the circuit court would impose a one-year sentence of imprisonment and, in its discretion, require Bains to serve "a correspondingly appropriate amount of time in jail as a condition of his pretrial diversion;" or (2) accept the alternative sentence of three years' imprisonment proposed by the circuit court, in which case Bains would be required to serve thirty days in the county jail as a condition of his pretrial diversion. R. 44. Despite the fact that Bains was told in court that he could withdraw his guilty plea, the circuit court's order did not mention Bains's ability to do so.
The sentencing hearing reconvened on February 2, 2016, and Bains accepted the circuit court's first option: a one-year sentence diverted for three years, on the condition that Bains "serve a correspondingly appropriate amount of time in jail." After Bains had informed the circuit court that he wished to accept the first option, Bains mentioned that he did not know that defending himself at trial had been taken off the table as an option. He said he ultimately accepted diversion so that he could put the issue behind him. The circuit court then accepted Bains's pretrial diversion agreement and ordered Bains to serve ninety days in jail, with extended hours work release.
Bains reported to the jail on February 6, 2017. On February 15, 2017, Bains failed to return to the corrections facility following work release. The circuit court issued a bench warrant for Bains when it learned that Bains had been absent without leave. Police officers tracked down Bains at a private residence, where they observed a rental car registered in Bains's name in the driveway. Bains was arrested when he came out of the residence and got into the rental car. Upon arresting Bains, the officers conducted a pat-down search and discovered what they believed was heroin in his pants pocket. A search incident to arrest of the rental car revealed a handgun, which was registered in Bains's name. The arresting officer subsequently obtained a search warrant for the vehicle, and what was believed to be heroin and methamphetamine were found inside a shaving cream can with a false bottom.[5]
*11 On February 24, 2017, Bains filed a motion to withdraw his guilty plea. Bains argued that his guilty plea was not voluntarily made because he was not given the option to withdraw it after the circuit court stated that it would be adding the condition of jail time to his pretrial diversion agreement. On March 9, 2017, the Commonwealth moved the circuit court to revoke Bains's diversion. Following a hearing on both motions, the circuit court entered orders voiding Bains's diversion agreement and denying Bains's motion to withdraw his guilty plea. Bains was sentenced to one year's imprisonment.
This appeal followed.
II. ANALYSIS
Bains's appeal focuses on two central issues: the breadth of the circuit court's authority when accepting or rejecting diversion agreements recommended by the Commonwealth and the circuit court's refusal to allow him to withdraw his guilty plea.
A. Imposition of an Additional Condition to Pretrial Diversion
Bains first argues that the circuit court exceeded its authority and abused its discretion when it added the additional condition that Bains serve ninety days in the county jail to his pretrial diversion agreement. Bains contends that, under the statutory scheme governing pretrial diversion agreements, the Commonwealth must recommend and set all conditions of such agreements, and the circuit court has only the limited authority to accept or reject the Commonwealth's recommendations. We disagree.
In support of his argument, Bains directs our attention to two statutory provisions: KRS 533.252(3) and KRS 533.250(6). KRS 533.252(3) requires the Commonwealth's attorney to conduct an investigation regarding the defendant and the circumstances of the crime charged "so as to enable him or her to set proper conditions of pretrial diversion...." Under KRS 533.250(6), "[t]he Commonwealth's attorney shall make a recommendation upon each application for pretrial diversion to the Circuit Judge in the court in which the case would be tried. The court may approve or disapprove the diversion." Bains interprets these two provisions to mean that, in approving or disapproving the Commonwealth's recommendation of pretrial diversion, the circuit court lacks the authority to modify the conditions recommended by the Commonwealth.
If the two statutes cited to by Bains were the extent of statutory authority governing pretrial diversion agreements, we might find Bains's argument more persuasive. That, however, is not the case. KRS 533.254(2) makes "[t]he provisions of KRS 533.030 relating to conditions of probation and restitution ... applicable to pretrial diversion." Under KRS 533.030(1), "[t]he conditions of probation and conditional discharge shall be such as the court, in its discretion , deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so." (Emphasis added.) Further, "[t]he court, in addition to conditions imposed ... may require as a condition of the sentence that the defendant submit to a period of imprisonment in the county jail ... at whatever time or intervals, consecutive or nonconsecutive, the court shall determine." KRS 533.030(6). In sum, KRS 533.030, as made applicable to pretrial diversion by KRS 533.254(2), clearly contemplates that a circuit court has the authority to modify *12 terms and conditions of a pretrial diversion agreement.
As a subset of his argument that the circuit court exceeded its authority regarding his pretrial diversion agreement, Bains additionally contends that a circuit court's discretion when approving or disapproving a pretrial diversion agreement is the same as when it considers a prosecutor's motion to dismiss. Bains acknowledges in his brief that there is no case law supporting this position; however, he urges this Court to adopt that standard. We need not address this argument, however, as the circuit court in this case did not reject the pretrial diversion agreement. The circuit court entered an order granting Bains pretrial diversion for a three-year period. If Bains failed to abide by the terms of his agreement, the circuit court indicated that Bains would serve a one-year prison sentence. Those terms are the same as what was proposed by the Commonwealth; the circuit court approved of the agreement. The fact that the circuit court added an additional condition to the agreement does not mean that it rejected the agreement.
B. Denial of Bains's Motion to Withdraw his Guilty Plea
Next, Bains contends that the circuit court erred in denying his motion to withdraw his guilty plea. Bains's argument on this point is two-fold. Bains first argues that under RCr[6] 8.10, the circuit court was required to allow Bains to withdraw his plea. This argument is based on Bains's theory that by adding a condition to the pretrial diversion agreement, the circuit court effectively rejected his plea agreement. In the alternative, Bains contends that the circuit court abused its discretion in denying his motion to withdraw his plea.
RCr 8.10 requires that "upon the determination of a trial court that it will not follow the plea agreement made between the prosecutor and the defendant, the defendant has a right to withdraw the guilty plea without prejudice to the right of either party to go forward from that point." Haight v. Commonwealth , 938 S.W.2d 243, 251 (Ky. 1996) (citing Commonwealth v. Corey , 826 S.W.2d 319 (Ky. 1992) ). "When a trial court imposes a sentence greater than that recommended by the Commonwealth under a plea agreement, the court is deemed to have rejected the plea agreement." Prater v. Commonwealth , 421 S.W.3d 380, 386 (Ky. 2014) (citing Covington v. Commonwealth , 295 S.W.3d 814, 815-17 (Ky. 2009) ). "The language of RCr 8.10 is clearly mandatory and requires a court to permit a defendant to withdraw a guilty plea if the court rejects the plea agreement." Kennedy v. Commonwealth , 962 S.W.2d 880, 882 (Ky. App. 1997). If, however, the circuit court does not reject the proposed plea agreement, "the decision whether to grant a motion to withdraw a guilty plea is reviewed under the abuse of discretion standard." Prater , 421 S.W.3d at 387 (citing Rigdon v. Commonwealth , 144 S.W.3d 283, 288 (Ky. App. 2004) ).
Bains contends that the circuit court's imposition of an additional condition to his pretrial diversion agreement is analogous to imposition of a greater sentence than recommended under a plea agreement. We disagree. As discussed above, the circuit court acted within its authority when it added a condition to Bains's pretrial diversion agreement. The circuit court's modification of the agreement did require Bains to serve three months in the county jail; however, this is a permissible condition pursuant to KRS 533.030(6) and does not constitute imposition of a greater sentence *13 than what was recommended by the Commonwealth. When Bains ultimately violated the terms of his pretrial diversion, the circuit court sentenced him to a one-year term of imprisonment in accordance with the Commonwealth's original recommendation under the plea agreement. Accordingly, we disagree with Bains that the circuit court was required to grant his motion to withdraw his guilty plea.
In the alternative, Bains contends that because he was unaware that the circuit court could impose a condition of jail time to his pretrial diversion agreement at the time he entered his guilty plea, his plea was involuntary. Therefore, he contends that the circuit court abused its discretion in denying his motion to withdraw it. "A guilty plea is involuntary if the defendant lacked full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court." Edmonds v. Commonwealth , 189 S.W.3d 558, 566 (Ky. 2006) (citing Brady v. United States , 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) ). "A guilty plea is intelligent if a defendant is advised by competent counsel regarding the consequences of entering a guilty plea, including the constitutional rights that are waived thereby, is informed of the nature of the charge against him, and is competent at the time the plea is entered." Id. (citing Brady , 397 U.S. at 756, 90 S.Ct. at 1473 ).
There is no indication in this case that Bains's plea was not voluntarily made. Despite Bains's contentions to the contrary, we note that Bains was aware that the circuit court had the authority to modify the conditions of the pretrial diversion agreement when he entered the plea agreement with the Commonwealth. The pretrial diversion agreement signed by Bains and the Commonwealth's attorney clearly states that "the Court may (a) revoke or modify any condition; (b) change the period of supervision; or (c) discharge the defendant from supervision." R. 22. Further, modification of conditions to a pretrial diversion agreement "is not a 'direct consequence' of a guilty plea the ignorance of which would render the plea involuntary." Edmonds , 189 S.W.3d at 567 (quoting Armstrong v. Egeler , 563 F.2d 796, 799-800 (6th Cir. 1977) ) (The full range of penalties for the charge to which a defendant pleads guilty is a "direct consequence" of the plea of which a defendant must be aware.). The totality of the circumstances surrounding Bains's plea indicate that the plea was voluntarily made. The circuit court conducted a thorough Boykin[7] colloquy, during which Bains acknowledged that he understood the constitutional rights he was waiving by entering the plea. The fact that Bains wished to withdraw his plea and proceed to trial after he had violated the terms of his pretrial diversion agreement does not change the analysis. Accordingly, we discern no abuse of discretion by the circuit court.
III. CONCLUSION
Based on the foregoing, the order of the Jefferson Circuit Court is AFFIRMED.
ALL CONCUR.

Kentucky Revised Statutes (KRS) 508.060.

KRS 524.100.

KRS 218A.1415.

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At a hearing on March 23, 2017, the arresting officer testified that lab reports on the substances found in Bains's possession had not yet been returned.

Kentucky Rules of Criminal Procedure.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).