RENDERED: MARCH 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0689-MR

TROY ROBERT CALVERT													APPELLANT

v.								APPEAL FROM DAVIESS CIRCUIT COURT
						HONORABLE KEN M. HOWARD, SPECIAL JUDGE
								ACTION NO. 19-CR-00360

COMMONWEALTH OF KENTUCKY												APPELLEE

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Troy Calvert ("Calvert") appeals the Daviess Circuit Court's judgment convicting him of five counts of retaliating against a participant in the legal process and sentencing him to five years in the penitentiary.  Specifically, he appeals the circuit court's denial of his motion to withdraw his guilty plea.  Finding no error, we affirm.

# BACKGROUND

On March 7, 2019, Calvert was indicted by a Daviess County Grand Jury on six counts of retaliating against a participant in the legal process related to a divorce case. On the day of trial, Calvert entered a guilty plea pursuant to a plea deal. In exchange for his guilty plea, the Commonwealth agreed to dismiss one count of retaliating against a participant in the legal process and recommended five years on each remaining count to be served concurrently. The Commonwealth also agreed to recommend shock probation after ninety days.

At the shock probation hearing, the Commonwealth stated that it stood by its recommendation for shock probation, provided Calvert have no contact with his wife or children. The circuit court clarified with the Commonwealth that it was actually recommending probation and not just declining to take a stance. The court then questioned Calvert at length about his ability to comply with conditions of shock probation, specifically having no contact with the victims. Following the hearing, the court took the motion under submission.

The next day, the Commonwealth filed a "pleading" with the circuit court out of "candor," containing recorded telephone conversations between Calvert and his mother following the shock probation hearing. The Commonwealth believed the recordings were relevant to Calvert's "intentions of abiding by the plea agreement." At a hearing on January 17, 2020, the

Commonwealth played several of the phone conversations for the court. The phone calls reflected, generally, Calvert's frustration at not being released on the day of the shock probation hearing, as well as his intentions to contact his family following his release.

Calvert objected at the hearing to the introduction of any new evidence relevant to shock probation, arguing that the Commonwealth's introduction of prejudicial evidence is an implicit violation of their agreement to recommend probation. Before listening to the calls, the court clarified with the Commonwealth whether it was changing its position on recommending probation, noting that if so, that was a separate legal matter that would need to be addressed. The Commonwealth agreed, and the court reiterated that it understood the Commonwealth to be recommending probation. At the end of the hearing, the court stated its belief that the phone calls were "marginally, if at all probative" to its decision. The court gave either party time to file a motion if they were changing their position on shock probation.

On January 22, 2020, the court entered an order denying Calvert's motion for shock probation. It noted that since the Commonwealth agreed to recommend shock probation as part of the plea agreement, it was required to give "due consideration" to the agreement of the parties. The court further noted, however, that shock probation was discretionary. Ultimately, the court denied

shock probation based upon a finding that Calvert was likely to commit another crime during the period of shock probation. The court specifically mentioned the inconsistency between Calvert's agreement to avoid contact with his wife and children and his statements in his presentence investigation report and the recorded jail phone calls with his mother upon which the indictment was based. Importantly, the court did not cite the phone calls introduced at the January 17, 2020 hearing as a basis for his decision.

Subsequently, Calvert filed a *pro se* "Motion that the Commonwealth Violated the Plea Agreement and to Vacate the Guilty Plea and Set a Date for Trial," arguing that the Commonwealth's introduction of prejudicial information at the January 17, 2020 hearing amounted to a non-favorable recommendation for shock probation and a violation of the plea agreement. On April 30, 2020, the circuit court denied the motion, noting that the Commonwealth "recommended the Defendant be granted shock probation at both shock probation hearings on January 2 and 17, 2020 consistent with the plea agreement." Significantly, it expressly stated the evidence introduced at the January 17, 2020 hearing "did not form the basis for the court's ruling denying shock probation as reflected in the court's written order." This appeal followed.

## STANDARD OF REVIEW

"[T]he decision whether to grant a motion to withdraw a guilty plea is reviewed under the abuse of discretion standard." *Prater v. Commonwealth*, 421 S.W.3d 380, 387 (Ky. 2014). Calvert argues on appeal that the Commonwealth breached the plea agreement when it introduced prejudicial phone calls which induced the circuit court to deny shock probation. Effectively, he argues, this prejudicial information amounted to a non-recommendation for shock probation from the Commonwealth.

## ANALYSIS

"Courts have recognized that accepted plea bargains are binding contracts between the government and defendants." *Elmore v. Commonwealth*, 236 S.W.3d 623, 626 (Ky. App. 2007) (citation omitted). "Once a plea agreement is accepted by a defendant, the agreement is binding upon the Commonwealth – subject to approval by the trial court – and the accused is entitled to the benefit of his bargain." *Id.* (citation omitted). "Accordingly, plea agreements are interpreted according to ordinary contract principles." *Id.* (citation omitted).

Pursuant to the plea agreement, the Commonwealth agreed to recommend shock probation after 90 days. The Commonwealth performed their part of the agreement. The Commonwealth recommended probation at the shock probation hearing and did not change that stance at the January 17, 2020 hearing.

The court gave both parties the opportunity to change their positions on shock probation before it ruled on the motion and neither party did so. The circuit court noted in its order denying shock probation that it gave due consideration to the Commonwealth's recommendation pursuant to the plea agreement. Therefore, Calvert received the benefit of his bargain.

While Calvert argues that the Commonwealth's introduction of prejudicial evidence after the shock probation hearing effectively amounted to a non-recommendation, the circuit court declined to consider this evidence in its denial of shock probation. Therefore, the circuit court did not err in denying Calvert's motion to withdraw his guilty plea.

## CONCLUSION

For the foregoing reasons, the judgment of the Daviess Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Ryan Chailland
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky