RENDERED:  OCTOBER 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1038-MR

RICHARD DELONG                                                                         APPELLANT

v.
APPEAL FROM CASEY CIRCUIT COURT
HONORABLE JUDY VANCE MURPHY, JUDGE
ACTION NO. 21-CR-00136

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND EASTON, JUDGES.

EASTON, JUDGE:  The Appellant, Richard DeLong ("DeLong"), pled guilty to

various offenses after accepting the Commonwealth's Offer on Plea of Guilty.  The

Commonwealth's Offer recommended a six-year sentence for DeLong; however,

the agreement also contained a "hammer clause" which would increase his

sentence to up to fourteen years if he did not appear for final sentencing or violated

release conditions.  DeLong failed to appear for his sentencing.  The Casey Circuit

Court later applied the hammer clause, and DeLong was sentenced to the enhanced

fourteen-year sentence. DeLong appeals the application of the hammer clause. We affirm.

## FACTS AND PROCEDURAL HISTORY

According to the initial citation, on April 10, 2021, DeLong was under the influence of substances when he beat and strangled his wife leaving visible marks. DeLong has a disturbing history of committing domestic violence with numerous protection orders involving not just his wife but also his mother. DeLong fled the scene but returned driving a truck. At that time, DeLong's license was suspended for a prior DUI[1] conviction. A search revealed methamphetamine and other drug items. DeLong had to be given Narcan[2] during his interaction with the police.

DeLong was indicted for the following charges: Trafficking in Controlled Substance in the First Degree; Strangulation in the First Degree; Assault in the Fourth Degree (Domestic Violence), Third or Subsequent Offense Within Five (5) Years; Operating a Motor Vehicle While Under the Influence of Controlled Substance, Third Offense; Possession of Marijuana; Operating on a Suspended/Revoked Operator's License; and Possession of Drug Paraphernalia. DeLong initially entered a plea of not guilty.

---

[1] Abbreviation for driving under the influence.

[2] A medication used to revive in opiate overdose situations.

DeLong and the Commonwealth entered into discussions regarding a potential plea agreement. The Commonwealth presented its Offer on Plea of Guilty to DeLong and his attorney. In exchange for a guilty plea, the Commonwealth offered to amend the count of Trafficking in Controlled Substance in First Degree to Possession of a Controlled Substance in First Degree. The Commonwealth also offered to recommend that all counts run concurrently for a total prison sentence of six years. The Commonwealth's Offer contained the following condition to ensure DeLong's good behavior while out on bond pending sentencing:

> THIS OFFER IS ALSO CONDITIONED ON THE FOLLOWING:
>
> . . .
>
> 2.     If the Defendant violates any condition of bond pending final sentencing; or if the Defendant commits a criminal offense while awaiting final sentencing; or if the Defendant fails to appear at his/her scheduled court date for final sentencing, then the Commonwealth may recommend a total sentence in this case not to exceed **fourteen (14) years** and the Commonwealth will oppose probation.

(Emphasis in original.) DeLong and his attorney accepted and signed the Commonwealth's Offer.

DeLong and the Commonwealth then presented the proposed plea agreement to the circuit court. On September 22, 2021, the circuit court held a

-3-

hearing pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), to determine whether DeLong's guilty plea was being made voluntarily and intelligently. DeLong was represented by counsel.

The circuit court conducted a colloquy with DeLong. DeLong stated he had plenty of time to look over the plea paperwork with his attorney, and that he had no further questions for his attorney before proceeding with the guilty plea. The circuit court confirmed DeLong was not on any medications, drugs, or alcohol that would impair his judgment. The circuit court addressed each constitutional right DeLong would be waiving by pleading guilty; DeLong responded he understood. The court asked DeLong if his plea was being made freely, knowingly, intelligently, and voluntarily, to which he replied in the affirmative. DeLong's attorney indicated she went over the terms of the plea agreement with her client, and that DeLong was entering his guilty plea freely, knowingly, intelligently, and voluntarily.

DeLong then pled guilty to all counts pursuant to the agreement. The circuit court accepted DeLong's guilty plea. The circuit court set DeLong's final sentencing for October 25, 2021.

A few days after pleading guilty, DeLong was released pending final sentencing on a $2,500.00 bond. DeLong was required to wear an ankle monitor while out on bond. DeLong was released on the conditions that he commit no

further violations of the law, have no contact with the alleged victim, make all scheduled court appearances, and submit to random drug testing. DeLong's next scheduled court date of October 25, 2021, was clearly indicated on his bond release form, and the date was discussed on the record at the time of his plea. DeLong signed the bond release form, confirming that he understood and agreed to the penalties "which may be imposed upon [him] for willful failure to appear or violation of any condition of release and [he] agree[d] to comply with the conditions of [his] release and to appear as required."

DeLong failed to appear for his sentencing on the scheduled date. Consequently, the circuit court issued a bench warrant for DeLong's arrest. DeLong absconded for approximately seven months until he was arrested in May 2022 and was returned to the circuit court on May 23, 2022, to schedule a sentencing date.

DeLong's rescheduled sentencing hearing occurred in two parts. It began on June 27, 2022, and was completed on July 11, 2022. At both hearings, DeLong and his counsel acknowledged the presentence report with no substantial changes. When it became apparent the hammer clause would be an issue, the circuit court continued the hearing to the second date. At neither appearance did DeLong seem surprised about the discussion of a fourteen-year sentence.

At the final sentencing hearing, DeLong's counsel stated DeLong had cut off his ankle monitor and was going through personal issues. Defense counsel acknowledged DeLong made a "bad decision" but argued that the court had the discretion to sentence DeLong to a term between six and fourteen years. Defense counsel argued for a sentence of eight to ten years.

DeLong said he had been in rehab when he failed to appear for his initial sentencing date. DeLong presented no documentary evidence of his rehab attendance, much less a successful completion of it. DeLong stated this rehab "changed [him]," but it did not apparently change him enough for him to surrender and deal with his failure to appear and its serious consequences.

DeLong stated he understood the circuit court could increase his sentence up to fourteen years, but he asked the court for leniency. The Commonwealth asked the court to impose the hammer clause for the following reasons: (1) DeLong cut off his ankle monitor; (2) he did not appear for final sentencing and absconded for almost seven months; (3) he had four prior convictions for Assault in the Fourth Degree; and (4) that he had at least eight Emergency Protection Orders taken out against him. The Commonwealth added it opposed probation. The circuit judge stated she reviewed the presentence report. The judge agreed with the Commonwealth and applied the hammer clause due to DeLong's "actions while out on bond."

In its written Judgment sentencing DeLong, the circuit court stated it gave due consideration to the contents of the presentence report, the nature and circumstances of the crime, and to the history, character, and condition of the defendant. The circuit court concluded DeLong's imprisonment was necessary for the protection of the public because probation, probation with an alternative sentencing plan, or conditional discharge would unduly depreciate the seriousness of DeLong's crime. This appeal followed.

**STANDARD OF REVIEW**

Whether a circuit court properly applied a hammer clause is reviewed for abuse of discretion. *Prater v. Commonwealth*, 421 S.W.3d 380, 384 (Ky. 2014) (citing *Knox v. Commonwealth*, 361 S.W.3d 891, 899 (Ky. 2012)). "The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007).

**ANALYSIS**

DeLong argues the circuit court erred when it enforced the hammer clause enhancing his sentence from six to fourteen years. Specifically, DeLong argues the circuit court erred by failing to consider options and not making an independent determination of the appropriate sentence. DeLong mostly relies on

the cases of *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010), and *Knox*, *supra*.

In *McClanahan*, the defendant ("McClanahan") triggered a hammer clause in his plea agreement by violating the conditions governing his release from custody prior to sentencing. *McClanahan*, s*upra*, at 697. McClanahan was brought before the circuit court for sentencing. *Id.* On motion of the Commonwealth, the circuit court enhanced McClanahan's sentence from ten years to thirty-five years based solely upon the hammer clause. *Id.*

The Kentucky Supreme Court reversed McClanahan's enhanced sentence because the circuit court erred by committing in advance when the plea was taken to apply the enhanced sentence contained in the hammer clause. *Id.* at 702. The circuit court failed to exercise independent judicial discretion at McClanahan's sentencing hearing by failing to follow the requirements of applicable statutes governing the imposition of the defendant's sentence. *Id.*

The court in *McClanahan* reviewed the sentencing statutes the circuit court had failed to follow. KRS[3] 532.050(1) states: "No court shall impose a sentence for conviction of a felony, other than a capital offense, without first ordering a presentence investigation after conviction and giving due consideration

---

[3] Kentucky Revised Statutes.

to a written report of the investigation." RCr[4] 11.02 requires that, before imposing a sentence, the court shall examine and consider the presentence report. KRS 533.010(2) states, in part: "Before imposition of a sentence of imprisonment, the court shall consider probation, probation with an alternative sentencing plan, or conditional discharge." Unless there are certain statutory exceptions, none of which were applicable in *McClanahan*, a circuit court may only impose a prison sentence "after due consideration of the . . . nature and circumstances of the crime, and the history, character, and condition of the defendant[.]" *Id.* "The statutes and rule [RCr 11.02] are not mere procedural formalities, but are substantive and may not be ignored." *McClanahan*, 308 S.W.3d at 703 (quoting *Edmonson v. Commonwealth*, 725 S.W.2d 595, 596 (Ky. 1987)).

*Knox* is the other case Delong cites. In *Knox*, the Commonwealth reached a plea agreement with the defendant ("Knox"), whereby the Commonwealth agreed to recommend a prison sentence of ten years on each of the defendant's eight counts of robbery. *Knox*, 361 S.W.3d at 893. The plea agreement contained a hammer clause providing that, if Knox violated conditions of his presentence release, his sentence would be enhanced to twenty years. *Id.* at 894. Knox violated the conditions of his release, and a hearing was held. *Id.* The Commonwealth recommended the twenty-year sentence pursuant to the hammer

---

[4] Kentucky Rules of Criminal Procedure.

clause. *Id.* Knox asked the judge to consider imposing an alternative sentence. *Id.*
The judge imposed the hammer clause, noting Knox agreed to the hammer clause
"and therefore, I am going to impose it." *Id.* at 895.

The Kentucky Supreme Court reviewed the sentencing method it
found unacceptable in *McClanahan* and determined the circuit court in *Knox*
similarly failed to comply with the sentencing statutes. *Id.* at 893. The court
reversed and remanded on the basis that the circuit court abused its discretion "by
committing to the imposition of a sentence based solely on the hammer clause, and
not upon information contained in the presentence report or upon a case-specific
consideration of the circumstances of the crime and the history, character and
condition of the defendant." *Id.* at 895. There was no indication in the record that
the circuit judge might have considered an alternative sentence. *Id.* at 897.
Further, the judge did not speak a word about the presentence report at the
sentencing hearing, and he did not mention he gave due consideration to the report
in the final written judgment. *Id.*

Using the rulings in *McClanahan* and *Knox* as guideposts, we believe
the circuit court in the present case properly exercised independent judicial
discretion when sentencing DeLong. The circuit court reviewed DeLong's
presentence report. The circuit court considered and rejected an alternative
sentence. The circuit court considered "the nature and circumstances of the crime"

-10-

as well as DeLong's "history, character and condition." The circuit court did not abuse its discretion in sentencing DeLong, as the record shows the hammer clause was one of multiple factors considered. The record supports the written findings by the circuit court in its final Judgment in this case.

DeLong's related argument is that the circuit court did not ensure that he understood the hammer clause during the plea colloquy. DeLong asserts the circuit court did not inquire into his understanding of what the hammer clause could mean. This argument was not made in the circuit court at either of the sentencing hearings. Further, DeLong did not mention this issue in any of his many handwritten letters to the circuit court. Therefore, DeLong's argument that he did not understand the hammer clause was not preserved for review. Issues not raised by a party and thus not adjudicated by the trial court will not be considered when raised for the first time on appeal. *See Regional Jail Authority v. Tackett*, 770 S.W.2d 225 (Ky. 1989).

Even if we consider DeLong's argument about his understanding, his appeal still fails. The Commonwealth's Offer, signed by DeLong and his attorney, clearly lays out the hammer clause. At the plea colloquy, DeLong's attorney indicated she went over the terms of the plea agreement with him. DeLong acknowledged that by pleading guilty he could be subjecting himself to greater or

enhanced penalties if he were found guilty of certain future criminal offenses.[5] After posting bond, DeLong signed a release form acknowledging penalties may be imposed upon him for failure to appear.

We believe the circuit court employed adequate procedures to ensure that DeLong's plea was entered voluntarily and intelligently as required by *Boykin*. During its colloquy with DeLong, the circuit court asked him if he understood the potential penalties for failure to comply with release. DeLong replied he understood. "A particular plea's validity is determined from the totality of the circumstances surrounding its making, not by reference to some magic incantation recited at the time it was taken." *Kiser v. Commonwealth*, 829 S.W.2d 432, 434 (Ky. App. 1992).

DeLong suggests that courts are required under *Knox* and *McClanahan* to specifically discuss the implications of a hammer clause with a defendant to satisfy *Boykin*. Neither case says this. Both cases were reversed because the judges committed to the hammer clause prior to sentencing or failed to consider anything but the hammer clause. In other words, the problem in those cases was because the judge said too much, not too little.

The law does not require a specific discussion of the hammer clause during the plea colloquy for it to be enforced. The sufficiency of the plea

---

[5] DeLong committed a felony by cutting off the ankle monitor. KRS 519.070.

colloquies in *Knox* and *McClanahan* was not the issue, and it is not an issue here. Making sure a defendant has read the plea terms and acknowledges understanding them is sufficient. *See Commonwealth v. Crawford*, 789 S.W.2d 779 (Ky. 1990). Due process does not require a judge to read back every sentencing possibility to a defendant. *See Centers v. Commonwealth*, 799 S.W.2d 51 (Ky. App. 1990).

## CONCLUSION

The circuit court did not abuse its discretion in enhancing DeLong's sentence from six years to fourteen years. The court made an independent determination of the appropriate sentence, which included the hammer clause provision. The hammer clause resulted in a sentence within the range of permitted sentences for the crimes committed. The circuit court complied with the requirements of the sentencing statutes. The judgment of the Casey Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Danial Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky