RENDERED: SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1025-MR

ELADIO CASTANEDA                                                    APPELLANT

APPEAL FROM CALDWELL CIRCUIT COURT
v.        HONORABLE C.A. WOODALL, III, JUDGE
ACTION NO. 19-CR-00043

COMMONWEALTH OF KENTUCKY                                    APPELLEE

AND

NO. 2020-CA-1026-MR

ELADIO CASTANEDA                                                    APPELLANT

APPEAL FROM CALDWELL CIRCUIT COURT
v.        HONORABLE C.A. WOODALL, III, JUDGE
ACTION NO. 19-CR-00184

COMMONWEALTH OF KENTUCKY                                    APPELLEE

AND

ELADIO CASTANEDA                                                    APPELLANT


                    APPEAL FROM CALDWELL CIRCUIT COURT
v.                  HONORABLE C.A. WOODALL, III, JUDGE
                    ACTION NO. 20-CR-00002


COMMONWEALTH OF KENTUCKY                                            APPELLEE



                            OPINION
                            AFFIRMING

                        ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; GOODWINE AND McNEILL,

JUDGES.

GOODWINE, JUDGE:  Eladio Castaneda ("Castaneda") appeals the Caldwell

Circuit Court's orders denying his motions to withdraw his guilty pleas.  After

careful review, we affirm.

                            **BACKGROUND**

        On March 11, 2019, in circuit case number 19-CR-00043, Castaneda

was indicted on being a convicted felon in possession of a handgun,[1] failing to

---

[1] Kentucky Revised Statutes (KRS) 527.040, a Class C felony.

notify the Department of Transportation of a change in address,[2] possession of methamphetamine,[3] possession of drug paraphernalia,[4] and being a persistent felony offender ("PFO") in the first degree.[5] On December 6, 2019, in circuit case number 19-CR-00184, Castaneda was indicted on counts of possession of methamphetamine with the intent to sell (more than two grams),[6] possession of drug paraphernalia, trafficking in methamphetamine (more than two grams), and being a persistent felony offender in the second degree.[7] On January 14, 2020, in circuit case number 20-CR-00002, Castaneda was indicted on a single count of PFO in the first degree.

While Castaneda was out of custody on bond, the Commonwealth made him a plea offer. Under the agreement, Castaneda would plead guilty to PFO in the first degree in 20-CR-00002 and all other charges except PFO in the first degree in 19-CR-00043 and PFO in the second degree in 19-CR-00184, which would be dismissed. Pursuant to the offer, Castaneda would serve fifteen years'

---

[2] KRS 186.540(1).

[3] KRS 218A.1415(1)(c), a Class D felony.

[4] KRS 218A.500(2), a Class A misdemeanor.

[5] KRS 532.080(3).

[6] KRS 218A.1412(1), a Class C felony.

[7] KRS 532.080(2).

imprisonment with parole eligibility after ten years. The following day, Castaneda entered guilty pleas in all three cases.

In his colloquy, Castaneda acknowledged (1) he read and understood the guilty plea; (2) he was not under the influence of any substances at the time he was entering his pleas; (3) he did not suffer from any mental illness which could affect his ability to think or reason; (4) he was given adequate time to discuss the Commonwealth's offer with counsel and was satisfied with counsel's representation of him; (5) he understood the charges against him in each of the three cases and the facts underlying the charges; (6) he knew his constitutional rights and was voluntarily waiving them; (7) he signed the guilty pleas freely and voluntarily; (8) he understood that pleading to being a persistent felony offender in the first degree required his sentence to ten years' imprisonment be enhanced to fifteen years and that he would be required to serve ten years before becoming eligible for parole; and (9) he was not threatened or forced to enter the guilty pleas. Video Record ("VR") at 1/14/2020, 9:35:15-9:44:10. Castaneda's counsel informed the court that she had sufficient time in which to discuss the Commonwealth's offer with him and, given the situation, she thought he was making an educated decision. *Id.* at 9:44:10-9:45:12.

The court accepted Castaneda's guilty plea and scheduled sentencing for May 5, 2020. At sentencing, counsel informed the court Castaneda wished to

withdraw his guilty pleas.[8]  The trial court continued sentencing and Castaneda was appointed conflict counsel who filed motions to withdraw his guilty pleas.

The trial court granted a hearing on the motions.  Castaneda was the sole witness.  He testified to receiving a phone call from his counsel informing him that the Commonwealth was offering him fifteen years' imprisonment and that the Commonwealth would recommend his wife, who also had pending charges, only be sentenced to probation.  Castaneda testified counsel told him that he only had two hours to decide whether to accept the offer.

Castaneda testified to accepting the Commonwealth's offer because he did not want his children to be without both parents if both he and his wife were incarcerated.  He also felt the Commonwealth used his wife's pending criminal charges against him.  According to his testimony, his wife did not want him to take the plea deal.  He further alleged counsel did not adequately investigate the affidavit from Michael Hale, wherein he claimed ownership of the guns found in Castaneda's possession.

The trial court denied Castaneda's motions and sentenced him to fifteen years' imprisonment, consistent with the plea agreement.  This appeal followed.

---

[8] Due to COVID-19 restrictions, sentencing was continued until June 2, 2020.

## STANDARD OF REVIEW

> If [a] plea was involuntary, the motion to withdraw it must be granted. However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion. . . . The trial court's determination on whether [a] plea was voluntarily entered is reviewed under the clearly erroneous standard. A decision which is supported by substantial evidence is not clearly erroneous. If, however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard. A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by legal principles.

*Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (footnotes omitted).

## ANALYSIS

On appeal, Castaneda raises the following issues: (1) his guilty pleas were based in part on ineffective assistance of trial counsel; (2) the external pressures of being given only two hours to decide whether to take the plea offer, and his concerns for his wife and children, rendered his pleas involuntary; and (3) the trial court failed to consider the totality of circumstances when it denied his motion to withdraw his guilty pleas.

A guilty plea must be entered knowingly, intelligently, and voluntarily. *Russell v. Commonwealth*, 495 S.W.3d 680, 682 (Ky. 2016) (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)). "At

any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." RCr[9] 8.10.

First, Castaneda alleges his trial counsel provided him ineffective assistance which led him to accept the Commonwealth's plea offer. "To successfully establish the invalidity of a guilty plea based upon the allegedly deficient performance of defense counsel, the movant must satisfy both prongs of the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)[.]" *Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016).

> The movant must demonstrate that: (1) defense counsel's performance fell outside the wide range of professionally competent assistance; and that (2) a reasonable probability exists that, but for the deficient performance of counsel, the movant would not have pled guilty, but would have insisted on going to trial. In making that determination, the trial court must indulge the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.

*Id*. (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052). Furthermore,

> [h]indsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial[.] . . . The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. *There is a most substantial burden on the claimant to show ineffective*

---

[9] Kentucky Rules of Criminal Procedure.

*assistance.* The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place.

*Commonwealth v. Pridham*, 394 S.W.3d 867, 876 (Ky. 2012) (emphasis added) (quoting *Premo v. Moore*, 562 U.S. 115, 132, 131 S. Ct. 733, 745-46, 178 L. Ed. 2d 649 (2011)).

Herein, Castaneda alleges trial counsel failed to properly investigate statements made by Michael Hale in an affidavit. Castaneda claims his wife gave trial counsel the affidavit. However, it was made part of the record by Castaneda at the hearing on his motions to withdraw his guilty pleas. Other than Castaneda's testimony, there is no evidence in the record proving trial counsel was in possession of the affidavit or had knowledge of its contents. Hale attested to the following:

> [A]ny and all handguns/firearms found at the address of 306 Bell Street Princeton, Ky 42445 on or around December 10, 2018 belong to me. Neither Eladio Castaneda nor Dacia Salyers Castaneda had any knowledge of said handguns/firearms being on the property at any time. Neither Eladio Castaneda nor Dacia Salyers Castaneda were staying at the property at the time. I have my own set of keys to the property and let myself in. I bought said handguns/firearms at a gun show and have yet to register said items in my name.

Record ("R") at 93.[10]

It may be true that Hale could have been called as a witness at trial to cast doubt on the charge of Castaneda being a felon in possession of a handgun. However, nothing in Hale's affidavit indicates his testimony would have had any effect on Castaneda's other charges, none of which related to possession of firearms. Furthermore, there is no evidence in the record which proves, had trial counsel investigated Hale's claim of ownership of the firearms, Castaneda would have insisted on going to trial. *Rank*, 494 S.W.3d at 481 (citation omitted). Given the strong presumption that trial counsel's conduct in advising Castaneda on the Commonwealth's offer was reasonable, we cannot determine the conduct was deficient where Castaneda faced a number of charges unrelated to the guns allegedly owned by Hale.

Next, Castaneda contests the voluntariness of his guilty plea by claiming his freedom of choice was overborn by (1) the amount of time he was given to decide whether to accept the Commonwealth's offer, and (2) his concern regarding his wife's possible incarceration and the impact it would have on his children. "A guilty plea is involuntary if the defendant lacked full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court." *Edmonds v. Commonwealth*, 189 S.W.3d 558,

---

[10] Citations are to the record in No. 2020-CA-1025-MR, circuit case number 19-CR-00043.

566 (Ky. 2006) (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L. Ed. 2d 747 (1970)). Furthermore, the Commonwealth "may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750, 90 S. Ct. at 1470. In considering claims relating to the voluntariness of a plea, "[s]olemn declarations in open court carry a strong presumption of verity." *Edmonds*, 189 S.W.3d at 569 (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977)).

First, in his colloquy before the trial court, Castaneda testified he understood the charges against him; had all the time necessary to consult with counsel and was satisfied with her representation; understood the enhanced penalty on the charge of being a persistent felony offender in the first degree; and that he was not threatened or forced to plead guilty. Castaneda does not now allege these statements were untruthful, nor does he claim he did not understand the consequences of his plea. He further does not allege the Commonwealth or the court made any misrepresentations relating to the charges against him or the plea agreement. Instead, he claims he did not have adequate time to consider the Commonwealth's offer. Where a defendant claimed he was rushed into making a decision regarding a plea offer, the Kentucky Supreme Court has determined "the urgency inherent in such circumstances does not equate to coercion" and time

-10-

constraints alone do not render a guilty plea involuntary. *Thomas v. Commonwealth*, No. 2016-SC-000593-MR, 2017 WL 5023098, *2 (Ky. Nov. 2, 2017) (citing *Brady*, 397 U.S. at 750-51; *Edmonds*, 189 S.W.3d at 570).[11]

Furthermore, Castaneda's claims relating to the charges against his wife are insufficient to prove his guilty plea was involuntary. Pressure which causes a defendant to plead, even where the Commonwealth is responsible for some of the factors motivating the plea, does not necessarily prove the plea was coerced and invalid. *Brady*, 397 U.S. at 750. For example, this Court held a defendant's free choice was not overborn so as to make the guilty plea invalid where the terms of the plea secured the defendant's release from incarceration to allow him to spend time with his ill mother. *Blanton v. Commonwealth*, 516 S.W.3d 352, 356-57 (Ky. App. 2017). Additionally, the Supreme Court of Kentucky has held "[a] plea of guilty is not invalid because it may have been entered to avoid the Commonwealth's prosecution of a family member[.]" *Nicely v. Commonwealth*, No. 2017-SC-000574-MR, 2019 WL 1167970, *3 (Ky. Feb. 14, 2019) (wherein defendant alleged the primary reason for pleading guilty was to ensure dismissal of charges against his father).[12]

---

[11] We cite this unpublished opinion as persuasive, not binding, authority. *See* Kentucky Rules of Civil Procedure (CR) 76.28(4)(c).

[12] We cite this unpublished opinion as persuasive, not binding, authority. *See* CR 76.28(4)(c).

Relatedly, Castaneda now argues he wishes to withdraw his plea due to his concern for his children's well-being if both he and his wife are incarcerated. However, he testified to accepting the Commonwealth's offer with the same concern in mind. He cites to no authority supporting his allegation that this concern somehow made his guilty plea involuntary. Therefore, because Castaneda fails to prove his guilty plea was involuntarily entered, the trial court did not err.

Finally, Castaneda claims the trial court did not consider the totality of the circumstances in denying his motion to withdraw his guilty plea. "The trial court is in the best position to determine the totality of the circumstances surrounding a guilty plea." *Rigdon*, 144 S.W.3d at 287-88 (footnotes omitted). "Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made." *Bronk v. Commonwealth*, 58 S.W.3d 482, 487 (Ky. 2001) (internal quotation marks and footnote omitted).

Castaneda does not allege any specific circumstances not adequately addressed by the trial court. The trial court granted Castaneda a hearing on his motion and carefully weighed the evidence. In reaching its decision, the court considered Castaneda's testimony at the hearing, his colloquy, and deportment when he entered his guilty pleas, as well as his personal history. Given that

Castaneda's pleas were voluntarily entered, we cannot determine, under the totality of the circumstances, the trial court abused its discretion in denying his motions to withdraw his guilty pleas.

## **CONCLUSION**

Based on the foregoing, the orders of the Caldwell Circuit Court are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky